STATE of North Dakota, Plaintiff and Appellee,

v.

Mitchell J. VERMILYA, Defendant and Appellant.

Crim. No. 1173.

Supreme Court of North Dakota.

Oct. 28, 1986.

Jo Louise Bullis, Asst. State's Atty., Watford City, for plaintiff and appellee.

Thomas K. Schoppert, New Town, for defendant and appellant.

MESCHKE, Justice.

Mitchell Vermilya pled guilty to the charge of possession of a firearm by a felon in violation of Section 62.1–02–01, N.D.C.C. The plea was conditional under Rule 11(a)(2), N.D.R.Crim.P., reserving Vermilya's right to appeal from the judgment of conviction to review the trial court's denial of his motion to suppress evidence. We affirm.

During October 1985, Vermilya was convicted in the State of Montana on felony and misdemeanor charges of criminal possession of dangerous drugs. Vermilya's sentences on the convictions were deferred, and one of the conditions of probation was:

"That Defendant shall submit to a search of his person, vehicle or place of residence by a parole or probation officer, at any time of the day or night, with or without a warrant, upon reasonable cause as may be ascertainable by a parole or probation officer."

Vermilya's probation commenced under the direction of the Department of Institution Bureau of Probation and Parole in the State of Montana. However, as a North Dakota resident, Vermilya was eligible for an interstate transfer of probation under Chapter 12–56, N.D.C.C., and his transfer was accepted by North Dakota authorities.

On December 17, 1985, Vermilya's residence was searched by a North Dakota probation officer without Vermilya's consent and without a search warrant. Two rifles and one handgun were found during the search resulting in charges against

Vermilya under Section 62.1–02–01, N.D. C.C. for possession of firearms. Vermilya moved to suppress the firearms as evidence. His motion was denied.

On appeal Vermilya asserts that the probation officer's search violated his Fourth Amendment right against unreasonable search and seizure, because the search was not based upon reasonable cause. The state asserts that the probation officer did not need reasonable cause to search Vermilya's residence and that in any event the officer did have reasonable cause to conduct the search.

In *State v. Perbix*, 331 N.W.2d 14 (N.D. 1983), we held that a "search clause," as a condition of probation, which provided that the probationer must allow a search of his person, place of residence, or motor vehicle without a search warrant and without probable cause, did not violate the probationer's Fourth Amendment right against unreasonable searches and seizures. We did not hold in *Perbix, supra,* that a search clause so restricting the probationer's Fourth Amendment rights must be included by a trial court as a condition of probation, nor did we hold that a search of the probationer's residence could be conducted without warrant or probable cause in the absence of such a clause.

■ Vermilya's condition of probation clearly stated that a probation officer may search Vermilya's residence without a warrant only "upon reasonable cause." The terms "reasonable cause" and "probable cause" are synonymous. *State v. Page*, 277 N.W.2d 112, 115 (N.D.1979). Although it eliminated the warrant requirement, this search clause did not annul Vermilya's Fourth Amendment right to probable cause for searches of his person or premises.[1] This Montana search clause was a valid probation condition, and it required North Dakota probation officials to respect Vermilya's Fourth Amendment rights accordingly. Therefore, the warrantless search of Vermilya's residence was a valid search only if it was based upon reasonable cause.

The existence of probable cause for the purpose of admitting or suppressing evidence is a question of law to be determined by the court. *City of Langdon v. Delvo*, 390 N.W.2d 51 (N.D.1986). The probation officer testified that one reason he conducted a search of Vermilya's residence was to determine if another probationer, Gene Brown, was residing there. Brown, who had been convicted in Montana and placed on probation, sought to have supervision of his probation transferred to North Dakota. In making application for the transfer, Brown informed the probation officials that he was residing with Vermilya and provided Vermilya's address to the officials as his own address. When Brown failed to appear for a scheduled office visit, the probation officer went to Vermilya's residence to determine if Brown was also residing there.

■ Relevant to the officer's search of Vermilya's residence for Brown, Vermilya's judgment of conviction also contained the following probation condition:

"The Defendant shall refrain from any association with or social involvement with any person with a criminal record or any person using dangerous drugs."

If Vermilya was associating with Brown, who indisputably had a criminal record, Vermilya would have been violating this condition of probation. Thus, when the probation officer searched Vermilya's residence, he had reasonable cause to believe that Brown was residing there and that Vermilya was thereby violating a condition of probation. Consequently, we conclude, as did the trial court in denying the motion to suppress, that the probation officer had reasonable cause to conduct a search of Vermilya's residence.

Accordingly, the order denying Vermilya's motion to suppress and the judgment of conviction based upon Vermilya's guilty plea are affirmed.

---

1. In *Perbix, supra,* the search clause permitted a search "without probable cause." Our opinion in this case does not affect our holding in *Perbix,* 331 N.W.2d at 21.

ERICKSTAD, C.J., and GIERKE and VANDE WALLE, JJ., concur.

LEVINE, J., concurs in the result.