1999 ND 9

**STATE of North Dakota, Plaintiff and Appellee**

v.

**Russell V. SMITH, Defendant and Appellant**

Criminal No. 980129.

Supreme Court of North Dakota.

Jan. 27, 1999.

Merle A. Torkelson, State's Attorney, Washburn, N.D., for plaintiff and appellee.

Chad R. McCabe, Vinje Law Firm, Bismarck, ND, for defendant and appellant.

SANDSTROM, Justice.

[¶ 1] Russell Smith appealed from a district court criminal judgment of guilty for possession of a controlled substance. Smith entered a conditional plea of guilty, reserving the right to appeal. Smith appeals, arguing the trial court erred in denying his motion to suppress based on a violation of his Fourth Amendment rights. We affirm, concluding the district court had sufficient evidence capable of supporting its findings and did not err in concluding the probationary search of Smith's vehicle and residence did not violate the Fourth Amendment.

I

[¶ 2] Smith was on supervised probation as a result of Mercer County convictions for possession of drug paraphernalia and false report to a law enforcement officer. A condition of his supervised probation was to submit to a search of his person, vehicle, or place of residence by any probation officer at any time of the day or night, with or without a search warrant.

[¶ 3] In August of 1996, an agent of the South Sakakawea Narcotics Task Force advised Smith's probation officer of suspected drug activity at Smith's home. The probation officer was not told why the task force suspected the drug activity. Smith's probation officer testified task force members were considering "garbage searches" to obtain probable cause to secure a search warrant until they learned of the authority to search Smith under the conditions of Smith's probation.

[¶ 4] On September 11, 1996, while Smith was living in Washburn, his probation officer, assisted by a local McLean County deputy and three task force agents, conducted a probationary search of Smith's residence and two vehicles, including a Chevrolet owned by and registered to Smith's father and parked on a street near the residence.

[¶ 5] The search lasted approximately one hour, and Smith's probation officer sat at the kitchen table with Smith while the search took place. During the search, the officers found marijuana in the residence and drug paraphernalia in the Chevrolet. Smith was charged with possession of marijuana and drug paraphernalia.

[¶ 6] Following the hearing on a motion to suppress evidence seized, the district court found Smith had failed to demonstrate reasonable suspicion or probable cause is a prerequisite to finding a warrantless search of a probationer reasonable. The district court concluded Smith's probation officer was under no duty to find the contraband himself, and found the probation officer was the person in charge of the search, and the search had been conducted to determine whether Smith was complying with the terms of his probation. The district court also found reasonable Smith's probation officer's asking undercover drug agents to do the actual searching while he stayed with Smith.

[¶ 7] Prior to his scheduled jury trial on April 28, 1998, Smith entered a conditional plea of guilty to the possession of marijuana,

reserving the right to appeal. Later that day, Smith was acquitted of the charge of possession of drug paraphernalia. He was sentenced to 30 days in jail with 15 days suspended for one year. Smith appealed.

[¶ 8] The district court had jurisdiction under N.D.C.C. § 27–05–06. Smith's appeal is timely under N.D.R.App.P. 4(a). This Court has jurisdiction under N.D. Const. art. VI, § 6, and N.D.C.C. § 28–27–01.

## II

[¶ 9] Smith's primary issue on appeal is whether the probationary search violated the Fourth Amendment to the United States Constitution and article I, § 8, of the North Dakota Constitution. Smith argues "reasonable suspicion" is required prior to conducting a probationary search and the trial court should have suppressed the evidence found as a result of the search. We hold the search did not violate the Fourth Amendment because "reasonable suspicion" is not required for a probationary search as long as the search is reasonable.

## A

[¶ 10] A trial court's disposition of a motion to suppress will not be reversed if, after conflicts in the testimony are resolved in favor of affirmance, there is sufficient competent evidence fairly capable of supporting the trial court's findings and the decision is not contrary to the manifest weight of the evidence. *City of Fargo v. Thompson*, 520 N.W.2d 578, 581 (N.D.1994). This standard of review acknowledges the significance of the trial court's opportunity to assess the credibility of witnesses and to weigh their testimony. *State v. Knudson*, 499 N.W.2d 872, 873 (N.D.1993). A person alleging his rights have been violated under the Fourth Amendment has an initial burden of establishing a prima facie case of illegal seizure. *State v. Glaesman*, 545 N.W.2d 178, 182 n. 1 (N.D.1996). After the defendant has made a prima facie case, however, the burden of persuasion is shifted to the State to justify its actions. *State v. Swenningson*, 297 N.W.2d 405, 406 (N.D.1980).

[¶ 11] The Fourth Amendment to the United States Constitution and article I, § 8, of the North Dakota Constitution protect individuals from unreasonable searches and seizures in their homes. *State v. Kitchen*, 1997 ND 241, ¶ 9, 572 N.W.2d 106; *State v. Herrick*, 1997 ND 155, ¶ 17, 567 N.W.2d 336; *State v. Winkler*, 552 N.W.2d 347 (N.D. 1996). Whether the officers' conduct in searching Smith's house and the vehicle violated constitutional prohibitions against an unreasonable search and seizure is a question of law. *State v. Saavedra*, 396 N.W.2d 304, 306 (N.D.1986); *United States v. Austin*, 66 F.3d 1115, 1118 (10th Cir.1995).

## B

[¶ 12] Smith alleges the actions of the police in searching his home without a warrant violated his Fourth Amendment rights as well as his rights under the North Dakota Constitution because the police did not have at least "reasonable suspicion" to make the search. Generally, searches and seizures without a warrant, subject to a few well-delineated exceptions, are unreasonable under the Fourth Amendment. *Kitchen*, 1997 ND 241, ¶ 9, 572 N.W.2d 106 (quoting *Horton v. California*, 496 U.S. 128, 133 n. 4, 110 S.Ct. 2301, 110 L.Ed.2d 112 (1990)).

[¶ 13] The search of Smith's house was without a warrant, but it was conducted under a search clause in his conditions of probation. The conditions-of-probation search is one of the exceptions to the warrant requirement. *See State v. Perbix*, 331 N.W.2d 14, 19 (N.D.1983) (allowing a probationary search without a warrant as reasonable under the Fourth Amendment). The search clause of Smith's conditions of probation gets its authority from N.D.C.C. § 12.1–32–07(4)(n). This statute allows the trial court to impose such conditions of probation as it deems appropriate. Specifically, this section provides:

    4. When imposing a sentence to probation, probation in conjunction with imprisonment, or probation in conjunction with suspended execution or deferred imposition of sentence, the court may impose such conditions as it deems ap-

propriate, and may include any one or more of the following:

. . . .

n. Submit the defendant's person, place of residence, or vehicle to search and seizure by a probation officer at any time of the day or night, with or without a search warrant.

N.D.C.C. § 12.1–32–07(4)(n). Language similar to this was incorporated into Smith's conditions of probation as number 11. The condition provided: "if on supervised probation [you shall] submit to [sic] search of your person, vehicle, or place of residence by any probation [sic] at any time of the day or night, with or without a search warrant."

[¶ 14] Smith, however, argues the search of his home and vehicle was unreasonable under the Fourth Amendment, even though subject to the search clause. The United States Supreme Court, in *Griffin v. Wisconsin*, 483 U.S. 868, 107 S.Ct. 3164, 97 L.Ed.2d 709 (1987), discussed the requirements the Fourth Amendment imposes on searches of probationers and places where probationers are found. *Griffin* upheld the seizure of a gun in the probationer's home by probation officers acting without a warrant. 483 U.S. at 870, 107 S.Ct. 3164. The search was conducted under a Wisconsin regulation authorizing a warrantless search of a probationer or his home if there were "reasonable grounds" to believe contraband was present. *Id.* at 870–71, 107 S.Ct. 3164. The Court recognized "[a] probationer's home, like anyone else's, is protected by the Fourth Amendment's requirement that searches be 'reasonable.'" *Id.* at 873, 107 S.Ct. 3164. The Court stopped short, however, of equating reasonableness with particularized suspicion. *Id.* at 872, 107 S.Ct. 3164. In fact, the Court declined to "embrace a new principle of law" and articulate a federal reasonable grounds standard. *Id.*

[¶ 15] Recognizing probation is a special circumstance, the Court acknowledged a "[s]tate's operation of a probation system, like its operation of a school, government office or prison, or its supervision of a regulated industry, likewise presents 'special needs' beyond normal law enforcement" that justify departure from the usual warrant and probable cause requirements. *Id.* at 873–74, 107 S.Ct. 3164. These special needs and benefits presented by a state's probation system compel a probationer to occupy the unusual status of a citizen with only conditional, rather than absolute liberty. *Id.*

## C

[¶ 16] This Court has also recognized probationers are not vested with complete constitutional protections, but neither are they completely divested of them. *Perbix*, 331 N.W.2d at 18. In *Perbix*, this Court upheld a warrantless search of a probationer's residence conducted by law enforcement officers. *Id.* Under authority granted in N.D.C.C. § 12.1–32–07, the search clause was made a condition of the defendant's probation in a prior judgment of conviction. This Court concluded:

conditions of probation requiring the probationer to submit to warrantless searches by probation officers or law enforcement officers, to the extent such searches contribute to the rehabilitation process; are not used as a subterfuge for criminal investigations; and are performed in a reasonable manner, are valid and not violative of the Fourth Amendment."

*Perbix*, 331 N.W.2d at 21. This Court declined to impose a requirement probationary searches may only be carried out upon a showing of "probable cause" or "reasonable suspicion." *Id.* In one post-*Griffin* case, we again specifically declined to impose the requirement that probation-searches may be conducted upon suspicion or probable cause. *State v. Raywalt*, 444 N.W.2d 688, 690 (N.D. 1989). While *Raywalt* did not discuss *Griffin*, 483 U.S. 868, 107 S.Ct. 3164, 97 L.Ed.2d 709 (1987), it reaffirmed *Perbix*, 331 N.W.2d 14.

[¶ 17] Because this Court has not interpreted *Griffin*, 483 U.S. 868, 107 S.Ct. 3164, in light of N.D.C.C. § 12.1–32–07, Smith argues *Griffin* requires reasonable suspicion prior to conducting a probationary search, thereby overruling *Perbix*, 331 N.W.2d 14. Smith's argument is based on the *State v. LaFromboise*, 542 N.W.2d 110, 112 (N.D. 1996), statement: "LaFromboise does not challenge, under *Griffin v. Wisconsin* . . .

the continuing validity of the *Perbix* holding reasonable suspicion is unnecessary to conduct a probationary search." Smith believes this language means a challenge to *Perbix* raising similar issues would require this Court to adopt at least reasonable suspicion for parole searches in North Dakota. The issue was not reached in *LaFromboise*, and the language does not mean reasonable suspicion would have been required had we addressed it.

[¶ 18] Smith argues *Griffin* requires reasonable suspicion, thus overruling *Perbix*, 331 N.W.2d 14. The majority in *Griffin*, 483 U.S. at 872–73, 107 S.Ct. 3164, made clear the warrantless search of the probationer in that case was reasonable under the Fourth Amendment because it was conducted under a valid regulation governing probationers. "The search of Griffin's home satisfied the demands of the Fourth Amendment because it was carried out pursuant to a regulation that itself satisfies the Fourth Amendment's reasonableness requirement under well-established principles." *Griffin*, 483 U.S. at 873, 107 S.Ct. 3164. While the dissenters in *Griffin* would have imposed a reasonable suspicion, or possibly even a probable cause standard, the majority clearly rejected that proposition. *See U.S. v. Conway*, 122 F.3d 841, 842 (9th Cir.1997) (under *Griffin*, a probationary search is permissible if conducted under a state law satisfying the Fourth Amendment's reasonableness standard). *Griffin* does not specifically require reasonable suspicion; it requires the search to be reasonable under a state's statute on probationer searches. Further, nothing in *Griffin* suggests the clear logic and holding of *Perbix* should be reversed.

[¶ 19] While a valid probationary search need only be reasonable, the reasonable suspicion standard was met here. Smith's probation officer was notified by an undercover agent that Smith was suspected of drug activity. The probation officer was not told why the task force suspected drug activity by Smith, but the officers clearly suspected the activity and were considering "garbage searches." Once the officers became aware of Smith's probation condition, the need for a warrant no longer existed.

While a fine line may exist between the police investigative objectives and the probationary purposes, the district court's finding the search was to determine whether Smith was complying with his probation is supported by the evidence. Because the agents suspected Smith of drug activity, the search was valid to determine his compliance with the probation terms.

### III

[¶ 20] Smith also argues probable cause is required because the search clause in the probation order does not contain the words "with or without probable cause." Where there is a valid probation scheme, probationers may be subject to search without a warrant and without probable cause, even without the specific language. *See Griffin*, 483 U.S. 868, 107 S.Ct. 3164; *Perbix*, 331 N.W.2d 14.

[¶ 21] In support of his position probable cause is required, Smith relies on *State v. Vermilya*, 395 N.W.2d 151 (N.D.1986). In *Vermilya*, this Court held the search clause in Vermilya's conditions of probation did not annul his Fourth Amendment right to probable cause for searches of his person or premises. *Id.* at 152. The factual difference in *Vermilya*, however, is the defendant's parole search clause specifically said "reasonable cause" to conduct a search was required. *Id.* at 152. Smith's probationary search clause contained no such language, and we clearly state in *Vermilya* the holding in that case "[did] not affect our holding in *Perbix*." *Id.* at n. 1. Smith's conditions of probation did not contain language similar to that in *Vermilya*, and probable cause is not required.

### IV

[¶ 22] Smith also argues his Fourth Amendment rights were violated by having officers search his home while his probation officer sat at his kitchen table. This contention has been previously rejected by this Court. *Perbix*, 331 N.W.2d at 20. In *Perbix* we noted the "persuasive ... collective rationale of those courts which [found] no constitutional infirmity in allowing police officers, as well as probation officers, to conduct warrantless searches as a condition of proba-

tion." *Id.* The Fourth Amendment was not violated when Smith's probation officer waited at the kitchen table with him to ensure the safety of the officers and of Smith while the officers searched Smith's home.

## V

[¶ 23] Smith also claims the evidence found in the Chevrolet was beyond the permissible scope of the search, because the term "your vehicle" in his conditions of probation could not include a vehicle registered to his father. In upholding the reasonableness of the search, the district court found:

> In March 1996, Smith listed the 1986 Chevrolet as his vehicle. Smith drove the auto many times in the months preceding the August 1996 search. He was given two traffic citations while driving the Chevrolet earlier that summer. In an application for a travel permit dated September 6, 1996[,] Smith listed the Chevrolet as his vehicle. None of the officers who had seen Smith driving the Chevrolet on numerous occasions had ever seen Smith's father drive that vehicle.

Smith's conditions-of-probation search clause allowed for the search of his vehicle. The search of the Chevrolet was valid because "your vehicle" includes the car regularly driven by Smith, whether registered to him or not.

## VI

[¶ 24] Because the search of Smith's home and car was performed in a reasonable manner, we conclude the search did not violate Smith's Fourth Amendment rights or his rights under article I, § 8, of the North Dakota Constitution.

[¶ 25] VANDE WALLE, C.J., and NEUMANN and MARING, JJ., concur.

[¶ 26] The Honorable CAROL RONNING KAPSNER was not a member of the Court when this case was heard and did not participate in this decision.