**COMMONWEALTH of Pennsylvania,**
**Appellee**

v.

**David A. WILSON, Appellant.**

Superior Court of Pennsylvania.

Argued March 11, 2010.

Filed Dec. 15, 2010.

---

Victor Rauch, Philadelphia, for appellant.

Suzan Wilcox, Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

BEFORE: FORD ELLIOTT, P.J., and STEVENS, GANTMAN, PANELLA, DONOHUE, SHOGAN, ALLEN, LAZARUS and MUNDY, JJ.

OPINION IN SUPPORT OF
AFFIRMANCE BY PANELLA, J.:

This is an appeal from an order of the Philadelphia Gun Court which authorized random, warrantless searches as a condition of probation and parole for Appellant, David A. Wilson. Wilson raises a number of challenges to this condition, imposed by the Honorable Susan I. Shulman, on August 18, 2008, in the Court of Common Pleas of Philadelphia County. After careful review, we affirm the condition as it applies to the probationary sentence, but are required to vacate with respect to the state parole aspect of the sentence.

We begin with a brief background of the Philadelphia Gun Court. On January 10, 2005, the Philadelphia Court of Common Pleas instituted the Gun Court.[1] The Philadelphia Gun Court was "constituted in response to the increasing number of weapons offenses being committed in Philadelphia and the inherent danger to the community when weapons are possessed on the streets illegally."[2] A case is transferred to the Philadelphia Gun Court when the most serious charge is a violation of the Uniform Firearms Act ("VUFA"). The Philadelphia Gun Court provides for a prompt disposition of firearm offenses and works to improve "the coordination of the efforts by numerous agencies and non-profit organizations in reducing the number of illegal guns on the streets of Philadelphia...."[3] Importantly, the "infrastructure" of the Philadelphia Gun Court allows for the "direct and immediate re-sponse to defendants who violate Court Orders and who are recidivists."[4]

The four years preceding the formation of the Philadelphia Gun Court were years of intense violence in Philadelphia: from 2000 to 2004, the city experienced more than 300 murders per year. *See Murders on rise in Philadelphia*, USA Today, December 12, 2005, available at http://usatoday.com/news/nation/2005-12-04-murders-philadelphia—x.htm. (last visited September 8, 2010). Philadelphia's murder rate in 2004, of 22.4 per 100,000 residents, was "the highest of the nation's 10 largest cities and rank[ed] third among the 25 largest, behind Baltimore and Detroit." *Id.* Eighty percent of the murders in Philadelphia were shooting deaths, ten percent higher than the national average. *See id.*

In 2008, Wilson appeared in the Philadelphia Gun Court charged with three counts of VUFA[5] and of possession of a controlled substance.[6] Following a bench trial, Wilson was found guilty of the charges. At sentencing, the trial court imposed a condition of probation which authorized probation agents to conduct random, warrantless searches of Wilson's residence for weapons, a condition routinely imposed in the Philadelphia Gun Court. The trial court also entered an order imposing the same condition for Wilson's parole.

On appeal, Wilson first argues that such a probation condition constitutes an illegal sentence. Specifically, he claims that the condition of probation subjecting him to

---

**1.** *See Philadelphia Gun Court Fact Sheet,* The Philadelphia Courts, First Judicial District of Pennsylvania, available at http://courts.phila.gov/pdf/notices/2005/notice-2005-guncourt-fact-sheet.pdf (last visited September 8, 2010).

**2.** *Id.*

**3.** *Id.*

**4.** *Id.*

**5.** 18 Pa. Cons.Stat.Ann. §§ 6105, 6108 and 6110.2.

**6.** 35 Pa.Stat. § 780-113(a)(16).

random searches of his residence was imposed by the trial court without legal authority, as it runs afoul of 61 PA.STAT. § 331.27b,[7] which mandates that a probation officer may conduct a property search only upon "*reasonable suspicion* to believe that the real or other property in the possession of or under the control of the offender contains contraband or other evidence of violations of the conditions of supervision." 61 PA.STAT. § 331.27b(d)(2) (emphasis added). Wilson additionally claims that the parole condition also constitutes an illegal sentence as the trial court had no authority to impose parole conditions when the maximum term of imprisonment is more than two years, as is the case here. The Commonwealth, on the other hand, contends that Wilson's sentencing claims present a challenge to the discretionary aspect of sentencing, which, it argues, Wilson has waived by failing to raise them at sentencing or in post-sentence motions.[8]

Wilson then goes on to argue that § 331.27b controls and that "[w]ithout a legal basis" the probation condition imposed by the trial court is in violation of the Constitutions of the United States and the Commonwealth of Pennsylvania. Appellant's Brief, at 9.

After reviewing the arguments of the parties, we find that the two sentencing claims raise challenges to the legality of the sentence imposed. Furthermore, we hold that the trial court had the authority under the Sentencing Code to authorize random, warrantless searches of Wilson's residence for weapons as a condition of probation, as this condition was reasonably related to Wilson's rehabilitation and public safety; that § 331.27b, by its plain terms, applies only to searches made by probation officers acting on their own authority without judicial sanction; and that such a condition does not run afoul of the United States or Pennsylvania Constitutions. We further find, however, that the trial court did not have the authority to impose a condition on Wilson's parole. A full discussion follows.

The trial court succinctly set forth the facts of this case.

At [the bench] trial, the Commonwealth presented the testimony of Lieutenant Kevin Wong and Officer Jeffrey Mastalski. On September 1, 2007, at approximately 4:50 a.m., Officer Wong was on duty in full uniform and a marked patrol car in the vicinity of the 3900 block of Mellon Street, in the city and county of Philadelphia, Pennsylvania. There, he observed [Wilson] "standing by a light colored auto[mobile] pointing a handgun through the passenger window at the driver." Officer Wong exited his patrol car, called for backup, and approached [Wilson] with his gun drawn.

Officer Wong immediately ordered [Wilson] to put his weapon down. Although [Wilson] partially complied by placing the gun down by his side, no longer pointing it through the vehicle's

7. Section 331.27b was repealed by 2009, Aug. 11, P.L. 147, No. 33, § 11(b), made effective October 13, 2009. The authority of county probation agents to supervise their offenders is now codified at 42 PA. CONS.STAT ANN § 9912. We refer to § 331.27b as it was the statute in effect at the time of Wilson's sentencing on August 18, 2008. The newly enacted codification, however, retains the same language as the previous statute.

8. The Commonwealth also maintains that Wilson's sentencing claims are not ripe for review insofar as Wilson is not yet on probation or parole. We note, however, that Wilson's sentence, of which the condition of probation is an integral part, is a final and immediately appealable judgment. Therefore, the issues are properly before us.

window, he nonetheless refused to drop the weapon. Instead, [Wilson] initially walked toward the Officer with the gun in hand, and then proceeded onto the porch of a nearby residence, located at 3948 Mellon Street. After Officer Wong again ordered him to drop the weapon, [Wilson] finally complied, and placed himself on the ground in compliance with the Officer's orders.

Officer Mastalski arrived on the scene only moments later, and observed [Wilson] laying on the ground. After Officer Wong recovered [Wilson's] gun, he handed the weapon to Officer Mastalski.... [It was a loaded .38 caliber revolver.] Officer Mastalski then frisked [Wilson] and recovered seven packets of marijuana along with five packets of cocaine.

Among other exhibits submitted into evidence, the Commonwealth presented the Quarter Sessions file from a previous case, establishing that [Wilson] had a prior conviction for an offense enumerated under Section 105 of the Uniform Firearms Act.

Supplemental Trial Court Opinion, 3/4/08, at 2–3 (citations to record and footnotes omitted).

As a result of the above evidence and testimony, the trial court found Wilson guilty of violating sections 6105, 6108 and 6110.2 of the Uniform Firearms Act, as well as knowingly and intentionally possessing a controlled substance. The court then sentenced Wilson to a term of imprisonment of 2½ to 5 years, to be followed by 3 years probation. As stated above, this timely appeal followed.

■■■ We must first determine whether Wilson's challenge of the condition imposed on his probation and parole is a challenge to the legality of the sentence or whether it is, instead, a challenge to the discretionary aspects of sentencing. A challenge to the legality of a sentence may be raised as a matter of right, is non-waivable, and may be entertained so long as the reviewing court has jurisdiction. *See Commonwealth v. Robinson,* 931 A.2d 15, 19–20 (Pa.Super.2007) (*en banc*). An illegal sentence may be reviewed *sua sponte* by this Court. *See Commonwealth v. Muhammed,* 992 A.2d 897, 903 (Pa.Super.2010). Conversely, when the discretionary aspects of a judgment of sentence are questioned, an appeal is not guaranteed as of right. *See Commonwealth v. Shugars,* 895 A.2d 1270, 1274 (Pa.Super.2006) (explaining that to appeal the discretionary aspects of sentencing an appellant must have (1) preserved such claims and (2) provided a Rule 2119(f) statement in his brief, which raises a substantial question for our review).

■■■ Wilson does not claim that the condition imposed by the trial court constituted an abuse of discretion, but rather, that the trial court ordered a condition of his probation and parole for which it had no statutory authority. "Under Pennsylvania law, a challenge to the validity of a sentence is a challenge to its legality." *Commonwealth v. Arest,* 734 A.2d 910, 912 n. 2 (Pa.Super.1999). "If a court does not possess statutory authorization to impose a particular sentence, then the sentence is illegal and must be vacated." *Id.* (citation omitted). *See also Robinson,* 931 A.2d at 21 (an illegal sentencing claim is one which implicates "the fundamental legal authority of the court to impose the sentence it did."); *Commonwealth v. Pinko,* 811 A.2d 576, 577 (Pa.Super.2002) ("The matter of whether the trial court possesses the authority to impose a particular sentence is a matter of legality.").

We recently applied the foregoing legal principles in *Commonwealth v. Mears,* 972 A.2d 1210 (Pa.Super.2009). In *Mears,* a

panel of this Court considered a sentencing order in which the trial court ordered that Mears be subjected to random searches by the Gun Violence Task Force while he was on probation or parole. On appeal, Mears argued that the trial court imposed a "condition of parole contrary to statutory law and state and federal constitutional protections...." *Id.*, at 1211. The panel noted that "[t]he issue of whether the trial court possessed the authority to impose a particular sentence implicates the legality of the sentence[,]" and then found that the claim implicated the legality of the sentence imposed as the issue presented on appeal "ultimately concerns the statutory authority for the imposition of a condition of sentence...." *Id.* (citing *Pinko, supra*).

As Wilson claims that the trial court lacked the statutory authority to impose the probation and parole condition, the challenge to his sentence thus lies not with its discretionary aspects, but with its legality. *See id.*

■■ A claim that the trial court erroneously imposed an illegal sentence is a question of law and, as such, our scope of review is plenary and our standard of review is de novo. *See Commonwealth v. Williams*, 980 A.2d 667, 672 (Pa.Super.2009), *appeal denied*, 605 Pa. 700, 990 A.2d 730 (2010). We therefore proceed to address whether the trial court imposed an illegal sentence when it subjected Wilson to random, warrantless searches of his residence as a condition of his probation.

■ "The primary concern of probation, as well as parole, is the rehabilitation and restoration of the individual to a useful life." *Commonwealth v. Mullins*, 591 Pa. 341, 347, 918 A.2d 82, 85 (2007). We have explained that

[a] probation order is unique and individualized. It is constructed as an alternative to imprisonment and is designed to rehabilitate a criminal defendant while still preserving the rights of law-abiding citizens to be secure in their persons and property. When conditions are placed on probation orders they are formulated to insure or assist a defendant in leading a law-abiding life.

*Commonwealth v. Hartman*, 908 A.2d 316, 320 (Pa.Super.2006) (citation omitted). So long as the conditions placed on a probationer "are reasonable, it is within a trial court's discretion to order them." *Id.* (citation omitted).

Section 9754(b) of the Sentencing Code permits the trial court to "attach such of the reasonable conditions authorized by subsection (c) of this section as it deems necessary to insure or assist the defendant in leading a law-abiding life." 42 PA. CONS. STAT.ANN. § 9754(b). One of the conditions of subsection (c) is that the defendant be forbidden to possess firearms. *See* 42 PA. CONS.STAT.ANN. § 9754(c)(7). An additional condition of subsection (c) is a catchall provision by which the trial court can impose a condition "[t]o satisfy any other conditions reasonably related to the rehabilitation of the defendant and not unduly restrictive of his liberty or incompatible with his freedom of conscience." 42 PA. CONS.STAT.ANN. § 9754(c)(13).

As mentioned, as a condition of probation, the trial court ordered that Wilson be subjected to random, warrantless searches of his residence for weapons. The trial court was no doubt aware that "[u]nlike the ordinary criminal, probationers have even more of an incentive to conceal their criminal activities and quickly dispose of incriminating evidence...." *United States v. Yuknavich*, 419 F.3d 1302, 1309 (11th Cir.2005). Further, as the United States Supreme Court has cautioned, "it must be remembered that the very assumption of the institution of probation is

that the probationer is more likely than the ordinary citizen to violate the law." *United States v. Knights*, 534 U.S. 112, 120, 122 S.Ct. 587, 151 L.Ed.2d 497 (2001).

Here, the trial court was confronted with a convicted felon who possessed a handgun in violation of the law and carried that handgun on a street in Philadelphia, ultimately pointing it at a motorist. *See* N.T., Waiver/Sentencing Hearing, 8/18/08, at 11–13. Faced with such a recalcitrant individual, the trial court carefully crafted the condition authorizing random, warrantless searches to ensure compliance with probationary rules and to support Wilson's effective rehabilitation.

 This condition, given Wilson's criminal history, is eminently reasonable because the provision of random, warrantless searches was clearly tied to Wilson's rehabilitation and protection of the public. *See* 42 Pa. Cons.Stat.Ann. § 9754(b), (c)(13).[9] Such a condition is especially reasonable in light of the epidemic of gun violence in Philadelphia.[10] State courts are confronted with the task of deterring violent gun crimes and ensuring the protection of the public. They must be afforded every available and lawful tool in their arsenal to effectively stem this deadly tide of violence plaguing too many of our cities. Under such dire circumstances, we find the trial court's condition of probation entirely appropriate.

Wilson argues, however, that 61 Pa.Stat. § 331.27b controls and statutorily precludes the trial court from ordering a probation condition permitting random, warrantless searches. We disagree.

Section 331.27b provided, in pertinent part, the following:

> (2) A property search may be conducted by any officer *if there is reasonable suspicion* to believe that the real or other property in the possession of or under the control of the offender contains contraband or other evidence of violations of the conditions of supervision.

61 Pa.Stat. § 331.27b(d)(2) (emphasis added).

Wilson relies on this statute to argue that the probation condition at issue here—random, warrantless searches for weapons—is unlawful as it permits searches of Wilson's residence without reasonable suspicion. But we read this statute differently.

A plain reading[11] of § 331.27b discloses that it pertains to searches made by probation officers *acting on their own authority* without judicial sanction. In this case, the trial court itself ordered the condition of random, warrantless searches expressly as

---

9. Federal law on probation conditions is similar to Pennsylvania law as "[t]he test for validity of probation conditions, even where 'preferred' rights are affected, is whether the conditions are primarily designed to meet the ends of rehabilitation and protection of the public." *United States v. Schoenrock*, 868 F.2d 289, 291 (8th Cir.1989). In *Schoenrock*, the court held that a condition of probation that subjected the probationer to random, warrantless searches was reasonable as the condition was related to rehabilitation and protection of the public.

10. *See, e.g.,* Jon Hurdle, *Philadelphia Struggles to Quell an Epidemic of Gun Violence,*

N.Y. Times, April 15, 2007, available at http://www.nytimes.com/2007/04/15/us/15 philadelphia.html (chronicling prevalence of violence committed with firearms in Philadelphia) (last visited June 22, 2010).

11. "The Statutory Construction Act provides that in interpreting a statute it is incumbent that the reviewing court endeavor to ascertain the intent of the Legislature and that when the words of a statute are clear and free of ambiguity we must interpret those words by their plain meaning." *Commonwealth v. Cox*, 603 Pa. 223, 283, 983 A.2d 666, 703 (2009).

a condition of probation. As noted above, the condition imposed by the trial court comports with the protections offered by the United States and Pennsylvania Constitutions. In no way does § 331.27b limit the authority of *the trial court* to impose, when appropriate, a condition of probation that the probationer be subjected to random, warrantless searches.

In support of his position, Wilson relies on *Williams, supra.* *Williams,* however, is readily distinguishable. In *Williams,* our Supreme Court found that an agreement prepared by a *parole officer* and signed by the parolee, which permitted warrantless searches, acted only "as an acknowledgement that the parole officer [had] a right to conduct reasonable searches of [the parolee's] residence ... without a warrant." *Id.,* 547 Pa. at 588, 692 A.2d at 1036. The Pennsylvania Supreme Court went on to define a reasonable search as one requiring reasonable suspicion. Unlike the situation in *Williams,* the *trial court* here specifically found that a condition of random, warrantless searches was necessary to insure Wilson's compliance with the court's directive that Wilson not have possession of a gun while on probation. *See* N.T., Waiver/Sentencing Hearing, 8/18/04, at 62–64.

Wilson also relies on *In re J.E.,* 594 Pa. 528, 937 A.2d 421 (2007), where our Supreme Court ruled that a juvenile probation officer's warrantless search of a probationer's bedroom must be supported by a reasonable suspicion that the juvenile possessed contraband or was in violation of the conditions of his supervision. The Court's holding was predicated on § 6304 of the Juvenile Act,[12] which contains language similar to § 331.27b in that it permits a search of the juvenile's person or property where there is reasonable suspicion for the probation officer to believe that the juvenile possessed contraband or was in violation of his probation conditions. Again, however, *In re J.E.* is distinguishable from this case as the warrantless search was conducted solely on the probation officer's authority and not on a finding of a trial court that the search was a necessary condition of supervision. Therefore, we conclude that the trial court's probation condition does not run afoul of § 331.27b.

▮ Wilson also contends that the probation condition runs afoul of the Fourth Amendment of the United States Constitution. As the condition is reasonably related to the supervision and rehabilitation of the probationer, we find that a warrantless probation search is constitutionally permissible under the Fourth Amendment of the United States Constitution. "[B]y virtue of their status alone, probationers do not enjoy the absolute liberty to which every citizen is entitled." *Samson v. California,* 547 U.S. 843, 849–850, 126 S.Ct. 2193, 165 L.Ed.2d 250 (2006).[13] A probationer has limited Fourth Amendment rights because of a diminished expectation of privacy. *See Commonwealth v. Curry,* 900 A.2d 390, 394 n. 2 (Pa.Super.2006).

The United States Supreme Court, on many occasions, has recognized a State's obligation to protect the public and properly supervise convicted felons, and "has repeatedly acknowledged that a State's interests in reducing recidivism and thereby promoting reintegration and positive citizenship among probationers and parolees warrant privacy intrusions that would not otherwise be tolerated under the Fourth

---

**12.** 42 Pa. Cons.Stat.Ann § 6304.

**13.** In *Samson,* the Court upheld a California law requiring parolees to consent to random, suspicionless searches.

Amendment." *Samson*, 547 U.S. at 853, 126 S.Ct. 2193. In furtherance of this responsibility, states do "not have to ignore the reality of recidivism or suppress its interests 'in protecting potential victims of criminal enterprise' for fear of running afoul of the Fourth Amendment." *Id.,* at 849, 126 S.Ct. 2193 (quoting *Knights*, 534 U.S. at 121, 122 S.Ct. 587).

▆ Numerous courts across the country have upheld similar probation orders.[14] *See, e.g., Schoenrock, supra; Owens v. Kelley*, 681 F.2d 1362, 1368–69 (11th Cir. 1982) (holding warrantless search provision in probation order is valid under Fourth Amendment without reasonable suspicion as long as search is in furtherance of purposes of probation and not harassment); *State v. Morgan*, 206 Neb. 818, 827, 295 N.W.2d 285, 289 (1980) (holding warrantless search provision in probation order is constitutionally valid when it contributes to rehabilitation process and search is conducted in a reasonable manner); *State v. Zeta Chi Fraternity*, 142 N.H. 16, 30–32, 696 A.2d 530, 540–541 (1997) (holding search provision in probation order authorizing random, warrantless searches is constitutional under Fourth Amendment and New Hampshire Constitution if related to the rehabilitation or supervision of probationer and search is reasonable in time, scope, and frequency); *State v. Smith*, 589 N.W.2d 546, 548 (N.D.1999) (holding that under Fourth Amendment reasonable suspicion is not constitutionally required for a warrantless probation search when conducted in a reasonable manner); *Jones v. State*, 41 P.3d 1247, 1257–1258 (Wyo.2002) (random, warrantless search of probationer's home im-

posed as a condition of probation does not necessarily violate Fourth Amendment as long as "reasonable grounds" for such a search exist and finding such "reasonable grounds" where probationer was convicted of DWUI and random searches for alcohol are necessary for the state to accomplish purposes of probation).

▆ It must be emphasized that individualized suspicion is not, in all instances, the *sine qua non* in analyzing reasonableness under the Fourth Amendment. The United States Supreme Court has conceded that although "some quantum of individualized suspicion is usually a prerequisite to a constitutional search or seizure[,] . . . the Fourth Amendment imposes no irreducible requirement of such suspicion." *United States v. Martinez-Fuerte*, 428 U.S. 543, 560–561, 96 S.Ct. 3074, 49 L.Ed.2d 1116 (1976). *See also Treasury Employees v. Von Raab*, 489 U.S. 656, 665, 109 S.Ct. 1384, 103 L.Ed.2d 685 (1989) (rejecting claim that "any measure of individualized suspicion . . . is an indispensable component of reasonableness in every circumstance"); *Skinner v. Railway Labor Executives' Assn.*, 489 U.S. 602, 624, 109 S.Ct. 1402, 103 L.Ed.2d 639, (1989) ("[A] showing of individualized suspicion is not a constitutional floor, below which a search must be presumed unreasonable."). Indeed, as noted, the United States Supreme Court recently upheld a California law requiring parolees to consent to random, suspicionless searches. *See Samson, supra.*

Wilson further maintains that Article I, § 8 of the Pennsylvania Constitution pro-

---

14. We "recognize . . . that the holdings of federal circuit courts bind neither this Court nor the trial court, but may serve as persuasive authority in resolving analogous cases." *Montagazzi v. Crisci*, 994 A.2d 626, 635 (Pa.Super.2010) (citation omitted). The same, of course, is true of decisions from our sister states. *See, e.g., Commonwealth v. National Bank & Trust Co. of Central Pennsylvania*, 469 Pa. 188, 194, 364 A.2d 1331, 1335 (1976).

vides greater protection than that required by the Fourth Amendment. We recognize that our Supreme Court has held "that Article I, Section 8 often provides greater protection since the core of its exclusionary rule is grounded in the protection of privacy while the federal exclusionary rule is grounded in deterring police misconduct." *Commonwealth v. Williams*, 547 Pa. 577, 591, 692 A.2d 1031, 1038 (1997). However, we find no difference in the standards to be applied under the issues herein.

In *Williams,* the Court noted that "the [federal] constitutional rights of a parolee are indistinguishable from that of a probationer." *Id.,* 547 Pa. at 585 n. 7, 692 A.2d at 1035 n. 7. The Court then examined whether Article I, § 8 of the Pennsylvania Constitution provides greater protection than that required by the Fourth Amendment. The Court concluded that it could "find no justification from the parole search at issue . . . to discern a reason to articulate a different standard for the legality of the search under Article I, § 8 of the Pennsylvania Constitution than under the Fourth Amendment of the United States Constitution." *Id.,* 547 Pa. at 593–594, 692 A.2d at 1039. Therefore, there being no difference in the standard of review under the federal constitution and state constitutions, Wilson's argument that Article I, § 8 of the Pennsylvania Constitution offers greater protection must fail.

■ We next address Wilson's claim that the trial court was without legal authority to order, as condition of *parole,* that he be subject to random, warrantless searches of his residence, and that he not own or possess a firearm.

At sentencing, the trial court stated, among other things, the following:

When you are on my *probation*—there will also be 20 hours of community service, random drug screens. The gun in this case will be relinquished and destroyed. You're never permitted to own or possess a firearm for even the shortest briefest amount of time. When you are released, you are not permitted to reside in a household where there is a firearm. I'm going to sign an Order that will allow for your house, your residence, to be searched when you are released for firearms.

You've been on *probation* before, right?

. . .

Forget that *probation* you've ever been on before. Because gun court *probation* is nothing like that. There is no stricter *probation* than gun court *probation.*

N.T., Sentencing, 8/18/08, at 63–64 (emphasis added).

In the sentencing order, the trial court imposed, among others, the following conditions on Wilson:

Other—GUN COURT PROBATION.

Weapons—Do not own or possess firearms: Do not own or possess firearms.

Weapons—Surrender Firearms: Surrender Firearms.

Other—RANDOM SEARCHES: DEFENDANT SUBJECT TO RANDOM SEARCHES OF HIS RESIDENCE FOR FIREARMS.

Order, dated 8/18/08.

In another order issued by the trial court the same day, there is reference to "probation and/or *parole.*" The order states the following:

**AND NOW,** this *18th* day of *August,* 2008, it is hereby **ORDERED** that as a condition of defendant's probation and/or *parole* on the charge of Violation of Uniform Firearms Act (VUFA), Section 6105, and for the duration of the defendant's probation and/or *parole* period, defendant is subject to random searches of his/her residence. The

search will be limited to the space occupied by the defendant. The searches will be conducted by agents of the Gun Violence Task Force.

Order, dated 8/18/08 (emphasis in italics added).

■■ Thus, in this case there is an unfortunate discrepancy between the statements of the trial court at sentencing, where lawful *probation* conditions were imposed, and the sentencing order where both probation and *parole* conditions were imposed. It is well-established that the sentencing order takes precedence over the sentencing transcript where there is a discrepancy between the sentence as written and as orally pronounced. *See Commonwealth v. Gordon*, 897 A.2d 504, 507 n. 7 (Pa.Super.2006); 28 Standard Pennsylvania Practice 2d § 137:25. *See also Commonwealth v. Quinlan*, 433 Pa.Super. 111, 639 A.2d 1235, 1239 (1994) ("Oral statements made by the judge in passing sentence, but not incorporated in the written sentence signed by [the sentencing judge], are not part of the judgment of sentence.").

Therefore, the one order, by its plain terms, imposes conditions on Wilson's parole. In *Commonwealth v. Mears*, 972 A.2d 1210 (Pa.Super.2009), as mentioned, a panel of this Court considered a sentencing order in which the trial court ordered that Mears be subject to random searches by the Gun Violence Task Force while he was on probation or parole. On appeal, Mears argued that the trial court imposed a "condition of parole contrary to statutory law and state and federal constitutional protections[.]" *Id.*, at 1211.

The panel in *Mears* noted that the trial court did not sentence Mears to probation and that the trial court imposed a sentence with a maximum term of incarceration of two or more years. *See id.*, at 1212. It then explained that as Mears had been

sentenced to a term of incarceration of two or more years, his parole "would be under the exclusive supervision of the Pennsylvania Board of Probation and Parole ... and not the Court of Common Pleas." *Id.* (citing 61 PA.STAT. § 331.17 and *Commonwealth v. Camps*, 772 A.2d 70, 74 (Pa.Super.2001)). "Therefore," the panel found, "any condition the sentencing court purported to impose on Appellant's state parole is advisory only." *Id.* (citing 61 PA. STAT. § 331.18). Accordingly, the panel held that the condition of parole imposing random searches "is of no legal force, as the trial court was without authority to impose the condition." *Id.* Such a condition, the panel observed, would have to be imposed by the Pennsylvania Board of Probation and Parole. *See id.* Therefore, the panel vacated the portion of the sentence that imposed the disputed condition, but otherwise affirmed the balance of the judgment of sentence and found no need to remand for re-sentencing. *See id.*

Here, as mentioned above, the trial court imposed a sentence with a maximum term of more than two years and also ordered a special condition of Wilson's *parole*—the random, warrantless search for weapons. As stated above, such a condition is a legal nullity. *See Mears*, 972 A.2d at 1212. Accordingly, we vacate only the portion of Wilson's sentence that imposes the condition of random, warrantless searches on his parole. The judgment of sentence is proper in all other respects. Because the trial court's sentencing scheme has not been disturbed, we need not remand for re-sentencing. *See id.*

Wilson's final claim that the trial court improperly imposed the condition that he "never own or possess a firearm during his parole" is unsubstantiated by the record. Appellant's Brief, at 32. There is simply no such order imposing such a parole condition. The trial court, however,

did impose such a condition on Wilson's *probation.* Of course, as a convicted felon, Wilson cannot legally own or possess a firearm. *See* 18 Pa. Cons.Stat.Ann. § 6105(a).

In conclusion, we find that the trial court's authorization of random, warrantless searches of Wilson's residence for weapons as a condition of probation is lawful under § 9754(b) of the Sentencing Code as the condition was reasonably related to Wilson's rehabilitation and public safety.

Judgment of sentence affirmed in part and vacated in part in accordance with this Opinion. Jurisdiction relinquished.

Opinion in Support of Affirmance by PANELLA, J. joined by STEVENS, J., SHOGAN, J. and ALLEN, J.

Concurring Statement by P.J. FORD ELLIOTT concurring in the result in support of affirmance.

Opinion in Support of Reversal by LAZARUS, J. joined by GANTMAN, J., DONOHUE, J. and MUNDY, J.

CONCURRING STATEMENT BY FORD ELLIOTT, P.J.:

I concur in the result reached by the Opinion in Support of Affirmance. I find that a challenge to the condition of probation at issue goes to the discretionary aspects of appellant's sentence, and not to the legality of his sentence, and that, therefore, appellant waived this issue by not first raising it before the court below.[1]

As the Opinion in Support of Affirmance notes, the trial court imposed as a condition of appellant's probation that he be subject to random searches of his residence for weapons, and the court did not

require reasonable suspicion on the part of the probation officer before initiating the search. The Opinion in Support of Affirmance finds that this condition of appellant's probation goes to the legality of his sentence and, concluding that such a condition is authorized by law and is reasonable, affirms the judgment of sentence as to appellant's probation and this condition. While I would reach the same result, I would do so by finding this issue waived because it was not raised before the trial court. I do not believe that this condition of probation implicates the legality of appellant's sentence.

This court has long held that not every error in crafting a sentence results in an illegal sentence:

Through these *en banc* cases, we have established the principle that "the term 'illegal sentence' is a term of art that our Courts apply narrowly, to a relatively small class of cases." [*Commonwealth v.*] *Berry,* 877 A.2d [479 (Pa.Super.2005)] at 483. This class of cases includes: (1) claims that the sentence fell "outside of the legal parameters prescribed by the applicable statute"; (2) claims involving merger/double jeopardy; and (3) claims implicating the rule in *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). *See* [*Commonwealth v.*] *Jacobs,* 900 A.2d [368 (Pa.Super.2006)] at 372–373 (citations omitted). These claims implicate the fundamental legal authority of the court to impose the sentence that it did. *Id.*

Most other challenges to a sentence implicate the discretionary aspects of the sentence. [*Commonwealth v.*] *Archer,* 722 A.2d [203 (Pa.Super.1998)] at

---

1. "Objections to the discretionary aspects of a sentence are generally waived if they are not raised at the sentencing hearing or in a mo-
tion to modify the sentence imposed." *Commonwealth v. Moury,* 992 A.2d 162, 170 (Pa.Super.2010).

209–210. This is true even though the claim may involve a legal question, a patently obvious mathematical error, or an issue of constitutional dimension. *Id.; Jacobs*, 900 A.2d at 373–374.[Footnote 5] Moreover, the mere fact that a rule or statute may govern or limit the trial court's exercise of discretion in sentencing does not necessarily convert the claim into one involving the legality of the sentence. *Id.* at 373–375. For example, we recently held that the denial of the right of allocution was a challenge to the discretionary aspects of the sentence, even though both a statute and a rule of criminal procedure mandated that a court provide allocution before sentencing. *Jacobs*, 900 A.2d at 377; [*Commonwealth v.*] *Williams*, 900 A.2d [906 (Pa.Super.2006) ] at 909.

---

[Footnote 5] Even ten years before *Archer*, this Court issued an *en banc* opinion advising that "if a sentencing court considers improper factors in imposing sentence upon a defendant, the court thereby abuses its discretion, but the sentence imposed is not rendered illegal. Otherwise, every erroneous consideration by a sentencing court will render the sentence illegal in a manner which cannot be waived by a defendant. This is not the law. Indeed, even issues of constitutional dimensions can be waived." *Commonwealth v. Krum*, 367 Pa.Super. 511, 533 A.2d 134, 136 (1987) (*en banc* ) (citations omitted).

*Commonwealth v. Robinson*, 931 A.2d 15, 21 (Pa.Super.2007) (additional footnote omitted).

2. I believe that this statute authorizes the condition of probation that was imposed here. Moreover, I disagree with the Opinion in Support of Reversal's view that finds that the Legislature restricted searches by probation officers to instances where they had reasonable suspicion. *See* former 61 P.S. § 331.27b. In this regard, I agree with the Opinion in Support of Affirmance that § 331.27b refers only to probation officers conducting searches on their own authorization, and not as directed by a court as a condition of probation or otherwise.

The authority of the trial court to impose conditions on probation is specifically authorized by statute:

**(b) Conditions generally.**—The court shall attach such of the reasonable conditions authorized by subsection (c) of this section as it deems necessary to insure or assist the defendant in leading a law-abiding life.

**(c) Specific conditions.**—The court may as a condition of its order require the defendant:

(13) To satisfy any other conditions reasonably related to the rehabilitation of the defendant and not unduly restrictive of his liberty or incompatible with his freedom of conscience.

42 Pa.C.S.A. § 9754(b) and (c)(13).[2]

This court has also held that the statutory authority to impose conditions of probation implicates the discretionary aspects of sentence, and not the legality of sentence.[3] *Commonwealth v. Houtz*, 982 A.2d 537, 539 (Pa.Super.2009); *Commonwealth v. Fenton*, 750 A.2d 863, 867 n. 4 (Pa.Super.2000). It is my position that even if a condition of probation is legal error, it represents an abuse of discretion by the trial court for purposes of appeal. If found to be an abuse of discretion and preserved for appeal, the condition is unenforceable.

3. *But see Commonwealth v. Hall*, 994 A.2d 1141 (Pa.Super.2010) (*en banc* ), which determined that a condition of probation requiring appellant to support the children of the decedent was unauthorized restitution and therefore went to the legality of sentence. In dissent, Judge Allen would have affirmed the trial court's authority to order the child support as a condition of probation. This writer joined Judge Allen in dissent.

Discretion is abused when the course pursued [by the trial court] represents not merely an error of judgment, but where the judgment is manifestly unreasonable or where *the law is not applied* or where the record shows that the action is a result of partiality, prejudice, bias or ill will.

*Commonwealth v. Archer,* 722 A.2d 203, 211 (Pa.Super.1998), quoting *Commonwealth v. Smith,* 545 Pa. 487, 491, 681 A.2d 1288, 1290 (1996) (emphasis in original).

The Opinion in Support of Affirmance relies upon *Commonwealth v. Mears,* 972 A.2d 1210 (Pa.Super.2009) to conclude that the instant condition of probation goes to the legality of sentence. I find *Mears* to be inapposite. While *Mears* is another Philadelphia Gun Court case where random searches were imposed as a condition of appellant's probation and/or parole, *Mears* was not actually sentenced to probation. Moreover, *Mears* specifically noted that it was not a situation in which the random searches provision was imposed as a condition of probation. *Mears,* 972 A.2d at 1212. Rather, the illegality found in *Mears* was that the random searches condition would apply to any parole served by the appellant, in a situation where the trial court was unauthorized to set any conditions on parole, and where the Pennsylvania Board of Probation and Parole was solely authorized to set the conditions of parole.[4] Thus, *Mears* did not find that imposing a random searches condition of probation went to the legality of the sentence.

I would find that appellant is raising an issue that affects an abuse of the trial court's exercise of discretion in setting conditions of probation. Because he did not raise this before the trial court, it is waived on appeal. For these reasons, I concur in the result.

## OPINION IN SUPPORT OF REVERSAL BY LAZARUS, J.:

David A. Wilson appeals from his judgment of sentence imposed by the Honorable Susan I. Shulman on August 18, 2008 in the Court of Common Pleas of Philadelphia County. After careful review, I would reverse.

Following a bench trial, Wilson was found guilty of three counts of violating the Uniform Firearms Act ("VUFA")[1] and of possession of a controlled substance.[2] Wilson's case was assigned to Philadelphia Gun Court ("Gun Court"), which was implemented by the Philadelphia Court of Common Pleas in response to an increase in the volume of weapons offenses committed in the city.[3] The court consolidates all gun cases in which the most serious charge is VUFA onto one docket in an effort to streamline and promptly adjudicate gun offenses. Gun Court aims also to improve the coordination of the numerous agencies involved in the city's effort to reduce the number of illegal guns on the streets of Philadelphia. Most Gun Court defendants receive a "Release on Special Conditions" ("ROSC") which requires, *inter alia,* that they: (1) attend all court proceedings; (2) submit to all orders of the court; (3) provide pretrial services with an up-to-date

---

4. In this regard, I am in agreement, in both rationale and result, with that part of the Opinion in Support of Affirmance that finds application of the random searches condition to any parole to be served by appellant, an illegal sentence.

1. 18 Pa.C.S.A. §§ 6105, 6108 and 6110.2.

2. 35 P.S. § 780–113(a)(16).

3. All information referenced herein regarding Gun Court was obtained from the website of the Court of Common Pleas of Philadelphia County at http://courts.phila.gov/pdf/notices/2005/notice–2005–guncourt–fact–sheet.pdf

address; (4) not possess any weapons; (5) obey all conditions imposed by the court and/or pretrial services; (6) maintain weekly contact with their case managers; and (7) attend a gun education program.

Optional conditions which may be imposed upon a Gun Court defendant include signing a firearm surrender agreement, drug detection and electronic monitoring. Finally, for those Gun Court offenders who receive a sentence that includes probation, certain enhanced conditions may be imposed. These include: (1) reporting as directed to probation officer and permitting the officer to visit the home or place of employment as needed; (2) being subject to personal or property searches if there is *reasonable suspicion* to believe the offender is in violation of any condition of probation; (3) maintaining, at a minimum, weekly contact with probation officer; and (4) being subject to home visits through targeted patrol (police/probation partnership).

Wilson was sentenced to a term of imprisonment of 2½ to 5 years, followed by 3 years' reporting probation, subject to a series of conditions, including that he submit to random searches of his residence for weapons. The trial court also imposed the same condition on Wilson's parole. In its order, the trial court did not include any requirement that these searches be based upon probable cause or reasonable suspicion.

On appeal, Wilson challenges the legality of his sentence. Specifically, he claims that the condition of probation subjecting him to random searches of his residence were imposed by the trial court without legal authority, as it did not require a showing by the probation officer of reasonable suspicion as required by the Constitutions of the United States and the Commonwealth of Pennsylvania, as well as 61 P.S. § 331.27b. The Commonwealth con-

tends that the condition of probation at issue presents merely a challenge to the discretionary aspect of sentencing, which Wilson has waived by failing to raise in post-sentence motions.

A challenge to the legality of a sentence may be raised as a matter of right, is non-waivable and may be entertained so long as the reviewing court has jurisdiction. *Commonwealth v. Robinson*, 931 A.2d 15, 19–20 (Pa.Super.2007) (en banc). Indeed, an illegal sentence may be reviewed *sua sponte* by this Court. *Commonwealth v. Anthony Williams*, 871 A.2d 254 (Pa.Super.2005) (vacating illegal component of sentence even though issue not raised by appellant).

Conversely, when the discretionary aspects of a judgment of sentence are questioned, an appeal is not guaranteed as of right. *Commonwealth v. Moore*, 420 Pa.Super. 484, 617 A.2d 8, 11 (1992). Rather, two criteria must be met before an appeal may be taken. First, the appellant must "set forth in his brief a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of the sentence." Pa. R.A.P. 2119(f); *Commonwealth v. Mouzon*, 571 Pa. 419, 812 A.2d 617, 621–22 (2002). Second, an appeal will only be granted when a "substantial question" has been presented. 42 Pa.C.S.A. § 9781(b); *Mouzon, supra*, at 622; *Moore*, 617 A.2d at 11. We will find a "substantial question" and review the decision of the trial court only where an aggrieved party can articulate clear reasons why the sentence imposed by the trial court compromises the sentencing scheme as a whole. *Commonwealth v. Tuladziecki*, 513 Pa. 508, 522 A.2d 17 (1987). *See also Commonwealth v. Jones*, 418 Pa.Super. 93, 613 A.2d 587, 590 (1992) (Superior Court will grant appeal only when appellant shows that trial judge's actions were either: (1) inconsistent with

specific provision of Sentencing Code; or (2) contrary to fundamental norms which underlie sentencing process). This Court's standard of review when a defendant challenges the discretionary aspects of his sentence is very narrow; it will reverse only where appellant has demonstrated a manifest abuse of discretion by the sentencing judge. *Commonwealth v. Hermanson*, 449 Pa.Super. 443, 674 A.2d 281 (1996).

Here, the Commonwealth asserts that Wilson's appeal implicates only the discretionary aspects of his sentence and must fail because: (1) he did not preserve the issue in the court below; (2) he failed to set forth a substantial question on which this Court could grant appellate review; (3) even if a substantial question had been raised, the challenge to the court's exercise of discretion is meritless because the condition at issue is reasonably related to the crime, defendant's rehabilitation, public safety, and does not unduly impinge defendant's liberty or his diminished privacy rights; and (4) his constitutional challenge is not yet ripe for review and is, at this juncture, purely hypothetical.[4]

The term "illegal sentence" is a term of art that our Courts apply narrowly, to a relatively small class of cases. *Robinson, supra*, at 21. This class of cases includes; (1) claims that the sentence fell "outside of the legal parameters prescribed by the applicable statute"; (2) claims involving merger/double jeopardy; and (3) claims implicating the rule in *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000) (holding that any fact, other than prior conviction, exposing defendant to sentence in excess of relevant statutory maximum must—unless admitted by defendant—be (1) found by jury, not judge; and (2) established beyond reasonable doubt). *Id.*

In *Anthony Williams, supra*, this Court, *sua sponte*, vacated a judgment of sentence that included a requirement that the defendant install an ignition interlock device on all motor vehicles over which he had lawful control. In an earlier decision, *Commonwealth v. Mockaitis*, 575 Pa. 5, 834 A.2d 488 (2003), our Supreme Court had declared unconstitutional the statute requiring the installation of such ignition systems on motor vehicles owned by a serial driving under the influence offender. Although the defendant had not raised this issue on appeal, this Court concluded that "if a court does not have statutory authority to order a particular act, the order must be vacated." *Id.* at 266, *citing Commonwealth v. Randal*, 837 A.2d 1211 (Pa.Super.2003) (*en banc*). Thus, when a court lacks statutory authority to impose a specific act or condition as part of its sentencing scheme, the sentence's legality is implicated and may be addressed, *sua sponte*, as a matter of right, even if not raised by an appellant. Here, because Wilson questions the authority of the court to impose the conditions of probation and parole, his appeal raises the legality of his sentence and we will address it.

Generally, the Fourth Amendment of the U.S. Constitution protects citizens and their property from unreasonable search and seizure in the absence of a warrant obtained upon probable cause.[5] *See also*

---

4. We find this claim to be meritless and will not discuss it in any detail, except to note that Wilson's sentence, of which the condition of probation is an integral part, is a final and immediately appealable judgment and, thus, we will review the condition of probation.

5. The Fourth Amendment of the U.S. Constitution, applicable to the States via the Fourteenth Amendment, requires that:

The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall is-

Pennsylvania Constitution, Article I, Section 8.[6] However, the U.S. Supreme Court has, over the years, carved out numerous exceptions to the warrant requirement.[7] Most notably, in *Terry v. Ohio*, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968), the U.S. Supreme Court found a "reasonable suspicion" exception, allowing law enforcement agents to conduct a warrantless search when possessed of a reasonable suspicion, supportable by "specific and articulable facts," that criminal activity may be afoot. Additionally, it has long been settled that individuals subject to probationary supervision have limited Fourth Amendment rights due to a diminished expectation of privacy. *Commonwealth v. Eric Williams*, 547 Pa. 577, 692 A.2d 1031 (1997); *Griffin v. Wisconsin*, 483 U.S. 868, 107 S.Ct. 3164, 97 L.Ed.2d 709 (1987).

In *Commonwealth v. Pickron*, 535 Pa. 241, 634 A.2d 1093 (Pa.1993), our Supreme Court addressed a factual scenario similar to the one now before us, but prior to the enactment of 61 P.S. 331.27b, governing the authority of probation and parole officers to conduct reasonable searches of the property of offenders. In *Pickron*, parole officers conducted a warrantless search of a parolee's home, where they found drugs and drug paraphernalia. In reversing the holding of this Court, the Supreme Court upheld the trial court's suppression of the evidence because there existed no "statute or regulation which allows or governs the performance of warrantless searches based upon reasonable suspicion or probable cause" by probation and parole officers. *Id.* at 1097. Thus, the Court concluded that such warrantless searches were prohibited by the Fourth Amendment "without the consent of the owner *or without a statutory or regulatory framework governing the search.*" *Id.* at 1098 (emphasis added).[8]

In response to the *Pickron* decision, the Pennsylvania Legislature in 1995 enacted 61 P.S. § 331.27b, which provided just such a "statutory framework" for property searches by probation officers. The statute delineates the authority of county probation officers[9] and authorizes such officers to conduct property searches *only where reasonable suspicion exists.* Thus, while acknowledging probationers' limited privacy rights by not requiring probable cause and a warrant, as the Supreme Court held in *Pickron*, the legislature took the middle ground and preserved a level of constitutional protection for probationers. The legislature also provided that "[n]othing in [Section 331.27b] shall be construed to permit searches or seizures in violation

---

sue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.

**6.** Article I, Section 8 of the Pennsylvania Constitution provides:
The people shall be secure in their persons, houses, papers and possessions from unreasonable searches and seizures, and no warrant to search any place or to seize any person or things shall issue without describing them as nearly as may be, nor without probable cause, supported by oath or affirmation subscribed to by the affiant.

**7.** Such other exceptions to the warrant requirement include the "hot pursuit" exception carved out in *Warden v. Hayden*, 387 U.S.

294, 87 S.Ct. 1642, 18 L.Ed.2d 782 (1967); the search incident to arrest exception established in *Chimel v. California*, 395 U.S. 752, 89 S.Ct. 2034, 23 L.Ed.2d 685 (1969); and the "automobile exception" first set forth in *Carroll v. U.S.*, 267 U.S. 132, 45 S.Ct. 280, 69 L.Ed. 543 (1925)

**8.** The Court could have, but did not, add the words "or without a court order" to the possible circumstances under which a warrantless search might be acceptable.

**9.** Section 331.27b also applies to county parole officers and state parole officers supervising county offenders.

of the Constitution of the United State or section 8 of Article I of the Constitution of Pennsylvania." 61 P.S. § 331.27b(b). I believe Section 331.27b to be dispositive in the instant matter.

Although imposed as a part of a penal sentence, conditions of probation are primarily aimed at furthering, as a constructive alternative to imprisonment, an offender's rehabilitation, reassimilation and reintegration into society as a law-abiding citizen and, thus, courts are traditionally and properly invested with a broad measure of discretion in fashioning conditions of probation appropriate to the circumstances of an individual case. *Commonwealth v. Walton*, 483 Pa. 588, 397 A.2d 1179, 1184 (1979); *see also* 61 Pa.C.S.A. § 6153(a) (purpose of supervision is to assist offenders in rehabilitation and reassimilation into community as well as protection of public). However, it is axiomatic that a court lacks authority to order the performance of an act that is contrary to statutory law and that any order purporting to require such an act is a legal nullity. *See Commonwealth v. Mears*, 972 A.2d 1210 (Pa.Super.2009) (holding imposition by trial court of condition of parole to be legal nullity as statutory law vests such authority solely with Board of Probation and Parole). Here, the trial court ordered that Wilson be subjected by the Department of Probation to random, warrantless searches in contravention of Section 331.27b, which requires that probationary searches be supported by reasonable suspicion. As a result, I would vacate that portion of Wilson's sentence requiring that he be subjected to such searches.

The Opinion in Support of Affirmance concludes that the constitutional constraints imposed upon probation officers by Section 331.27b do not apply in cases, such as the matter *sub judice*, in which the warrantless search is not initiated by the probation officer himself, but rather performed pursuant to an order of court. The Opinion in Support of Affirmance asserts that "[a] plain reading of § 331.27b discloses that it pertains to searches made by probation officers *acting on their own authority* without judicial sanction." Opinion in Support of Affirmance, at 526–27. I do not read such a limitation into the legislature's words. The Opinion in Support of Affirmance cites to *Commonwealth v. Cox*, 603 Pa. 223, 983 A.2d 666 (2009), discussing the Statutory Construction Act, 1 Pa. C.S.A. § 1921, for the proposition that "when the words of a statute are clear and free of ambiguity we must interpret those words by their plain meaning." *Cox*, 983 A.2d at 703. However, nowhere in section 331.27b am I able to find language plainly limiting its application to probation officers acting on their own authority, as opposed to the authority of a court order. I do not believe that the imprimatur of a court can transform an illegal act into a legal one with the stroke of a judicial pen.

For the foregoing reasons, I conclude that the condition imposed by the court, subjecting Wilson to random, suspicionless searches of his residence, is in violation of the authority granted by the legislature to probation officers under 61 P.S. § 331.27b. Where the legislature has established a statutory framework regulating the manner in which probation officers may function, the trial court, well-intentioned as it may be, is not free to authorize those officers to exceed the boundaries imposed by the legislature.[10] I conclude that the

---

**10.** That is not to say that certain rights conferred by the legislature and even the Constitution may not be subject to waiver. Appropriate circumstances may exist, such as prior to arraignment, where a defendant may choose to waive his right to be free of random, suspicionless searches, in exchange for the benefits which may flow to him from a

trial court in this matter had no authority to direct Wilson's probation officer to perform random, suspicionless searches of his property and, to the extent that the trial court did so, I would vacate that portion of Wilson's sentence.

Wilson also challenges the legality of the condition of parole imposed by the trial court. As to this issue, I am in full agreement with the Opinion in Support of Affirmance, which concludes that Wilson's parole is "under the exclusive supervision of the Pennsylvania Board of Probation and Parole ... and not the Court of Common Pleas." *Mears,* 972 A.2d at 1212 (citations omitted). Thus, "any condition the sentencing court purported to impose on Appellant's state parole is advisory only" and, as such, is of no legal force. *Id.*

program such as Gun Court. However, that issue is not presently before us.