J-S64028-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| SCOTT MICHAEL MCELROY | |
| Appellant | No. 886 MDA 2015 |

Appeal from the Order Entered on April 29, 2015
In the Court of Common Pleas of Huntingdon County
Criminal Division at No.: CP-31-CR-0000392-2011

BEFORE:  FORD ELLIOTT, P.J.E., WECHT, J., and FITZGERALD, J.[*]

MEMORANDUM BY WECHT, J.:                          **FILED DECEMBER 16, 2015**

Scott Michael McElroy appeals the April 29, 2015 order dismissing his petition for relief pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-46.  We affirm.

In February 2011, a corrections officer at the state correctional institution in Huntingdon ("SCI-Huntingdon") discovered five packets of heroin inside of a greeting card addressed to an inmate at the prison.  That inmate subsequently confessed to Trooper Charles Aungst of the Pennsylvania State Police that he had sent McElroy $150.00 in exchange for heroin, which McElroy agreed to mail to the prison.  On May 26, 2011,

_____

[*]     Former Justice specially assigned to the Superior Court.

McElroy was charged with possession with intent to deliver ("PWID"), contraband, and possession of a controlled substance.[1]

Prior to trial, McElroy's attorney negotiated a plea agreement with the District Attorney. Pursuant to that agreement, the Commonwealth would stipulate that all three of the offenses merged for sentencing purposes. On March 5, 2012, McElroy pleaded guilty to the crimes charged. On May 10, 2012, the trial court sentenced McElroy to twenty-eight to fifty-six months' imprisonment and imposed a $1,000.00 fine. Pursuant to the parties' agreement, the trial court did not impose a sentence either on the possession of a controlled substance count or on the PWID count. McElroy did not file a motion to withdraw his guilty plea, nor did he file a direct appeal.

On March 18, 2013, McElroy timely filed a PCRA petition, wherein he alleged: (1) that he did not enter his guilty plea knowingly and voluntarily; (2) that the trial court imposed an illegal sentence; and (3) that trial counsel was ineffective for allowing McElroy to plead guilty and for failing to file a direct appeal. The PCRA court held hearings on McElroy's petition on September 5, 2014 and October 24, 2014. On April 29, 2015, the PCRA court issued an order dismissing McElroy's petition.

---

[1] 35 Pa.C.S. § 780-113(a)(30), 18 Pa.C.S. § 5123(a), and 35 Pa.C.S. § 780-113(a)(16), respectively.

On May 26, 2015, McElroy filed a notice of appeal. On the following day, the PCRA court directed McElroy to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). McElroy timely complied. On July 9, 2015, the PCRA court filed a Pa.R.A.P. 1925(a) opinion.

McElroy raises four issues for our consideration:

1. Whether the PCRA court erred in ruling that McElroy's plea was voluntary where he indicated on his guilty plea colloquy that threats had been made to him and the court admitted that it negligently failed to colloquy McElroy?

2. Whether McElroy's sentence is illegal given that the [trial] court sentenced him outside of the statutorily prescribed mandatory sentence associated with the crime committed herein?

3. Whether McElroy's trial counsel was ineffective for having him plead open to all counts on the criminal information, with seemingly no benefit?

4. Whether McElroy's trial counsel was ineffective for failing to file an appeal?

Brief for McElroy at 2 (capitalization modified).

This Court analyzes PCRA appeals "in the light most favorable to the prevailing party at the PCRA level." ***Commonwealth v. Rykard***, 55 A.3d 1177, 1183 (Pa. Super. 2012). Our "review is limited to the findings of the PCRA court and the evidence of record" and we do not "disturb a PCRA court's ruling if it is supported by evidence of record and is free of legal error." ***Id.*** Similarly, "[w]e grant great deference to the factual findings of the PCRA court and will not disturb those findings unless they have no support in the record. However, we afford no such deference to its legal conclusions." ***Id.*** (citations omitted). "[W]here the petitioner raises questions of law, our standard of review is *de novo* and our scope of review is plenary." [***Id.***]

> Finally, we "may affirm a PCRA court's decision on any grounds if the record supports it." *Id.*

*Commonwealth v. Rigg*, 84 A.3d 1080, 1084 (Pa. Super. 2014).

In his first issue, McElroy argues that his guilty plea was not knowing, intelligent, or voluntary because, on his written colloquy form, he indicated that he had been threatened to enter his guilty plea. *See* Brief for McElroy at 5-11. McElroy claims that the trial court should have inquired into these perceived threats and the effect that they had upon his plea. McElroy has waived this claim.

Under the PCRA, an appellant waives any issue that could have been raised before trial, at trial, during unitary review, on appeal, or in a prior state post-conviction proceeding. *See* 42 Pa.C.S. § 9544(b). Our review of the record in this case reveals that McElroy did not file a post-sentence motion to withdraw his guilty plea. In addition, as noted *supra*, McElroy did not pursue a direct appeal before this Court. Accordingly, his first issue is waived.

In his second issue, McElroy challenges the legality of his sentence. Specifically, McElroy argues that his sentence is illegal because it exceeds the applicable mandatory minimum sentence. This issue lacks merit.

"A claim that the trial court erroneously imposed an illegal sentence is a question of law and, as such, our scope of review is plenary and our standard of review is *de novo*." *Commonwealth v. Wilson*, 11 A.3d 519, 525 (Pa. Super. 2010) (*en banc*). Further, challenges to the legality of a

sentence are not waivable, and may be raised for the first time on appeal. ***Commonwealth v. Foster***, 960 A.2d 160, 163 (Pa. Super. 2008).

McElroy challenges the legality of the sentence that he received after pleading guilty to contraband. The trial court sentenced McElroy to twenty-eight to fifty-six months' imprisonment and imposed a $1,000.00 fine. According to McElroy, this sentence "lacked statutory authorization," because it exceeded the statutory mandatory minimum sentence provided for by 18 Pa.C.S. § 5123(a.1). McElroy evidently misunderstands that statute.

Section 5123 provides, in pertinent part, as follows:

Any person convicted of a violation of subsection (a) shall be sentenced to a minimum sentence of **at least two years** of total confinement, notwithstanding any other provision of this title or any other statute to the contrary. **Nothing in the subsection shall prevent the sentencing court from imposing a sentence greater that that provided in this subsection, up to the maximum penalty prescribed by this title for a felony of the second degree.** There shall be no authority in any court to impose on an offender to which this subsection is applicable any lesser sentence that provided for in subsection (a) or to place such offender on probation or to suspend sentence. Sentencing guidelines promulgated by the Pennsylvania Commission on Sentencing shall not supersede the mandatory sentences provided in this subsection. If a sentencing court refuses to apply this subsection where applicable, the Commonwealth shall have the right to appellate review of the action of the sentencing court. The appellate court shall vacate the sentence and remand the case to the sentencing court for imposition of a sentence in accordance with this subsection if it finds that the sentence was imposed in violation of this subsection.

18 Pa.C.S. § 5123(a.1) (emphasis added).[2]

From this language, McElroy concludes that the trial court was required to sentence him to exactly two years' imprisonment. However, the statute plainly authorizes the trial court to impose a sentence "up to the maximum penalty . . . for a felony of the second degree." 18 Pa.C.S. § 5123(a.1); **See** 18 Pa.C.S. § 1103 ("[A] person who has been convicted of a [second degree] felony may be sentenced to imprisonment . . . for a term which shall be fixed by the court at not more than ten years."). Because the trial court was free to impose any term of imprisonment between two to ten years, this claim is frivolous.[3]

McElroy's assertion that "th[is] entire case is flawed and must be thrown out" because "he was not provided notice of the mandatory [sentence] prior to ent[ering] his plea" similarly is frivolous. Brief for McElroy at 13. McElroy cites **Commonwealth v. Zorn**, 580 A.2d 8 (Pa. Super. 1990), wherein we held that, prior to a defendant's entry of a guilty plea, the Commonwealth must give notice of its intent to seek a five-year

---

[2]    This provision does not implicate the United States Supreme Court's decision in **Alleyne v. United States**, ___ U.S. ___, 133 S.Ct. 2151 (2013), because section 5123's mandatory sentence is triggered by the offense itself, and does not require any additional judicial fact-finding.

[3]    McElroy also argues that "it was unlawful for the [c]ourt to order/sentence him with a fine" because "the mandatory sentencing statute does not provide for a fine." Brief for McElroy at 12. McElroy overlooks the fact that 18 Pa.C.S. § 1101 permits the trial court to impose a fine of up to $25,000.00 following a conviction for a first or second-degree felony.

mandatory minimum sentence for offenses committed with firearms. *See* 42 Pa.C.S. § 9712 (mandatory minimum sentencing provision for persons who visibly possess a firearm or a replica of a firearm during the commission of a crime of violence), *invalidated by* **Commonwealth v. Valentine**, 101 A.3d 801 (Pa. Super. 2014). That provision explicitly required the Commonwealth to give the defendant notice of the mandatory sentence prior to sentencing. Section 5123, however, does not have such a notice requirement. Thus, McElroy's reliance upon **Zorn** is misplaced.

In his third and fourth issues, McElroy raises ineffective assistance of counsel claims. Both are without merit. We begin with McElroy's contention that his "trial counsel was ineffective for having [McElroy] plead open to all counts o[f] the criminal information with seemingly no benefit." Brief for McElroy at 2.

Pennsylvania has recast the two-factor inquiry regarding the effectiveness of counsel set forth by the United States Supreme Court in **Strickland v. Washington**, 466 U.S. 668 (1984), as the following three-factor inquiry:

> [I]n order to obtain relief based on [an ineffective assistance of counsel] claim, a petitioner must establish: (1) the underlying claim has arguable merit; (2) no reasonable basis existed for counsel's actions or failure to act; and (3) petitioner suffered prejudice as a result of counsel's error such that there is a reasonable probability that the result of the proceeding would have been different absent such error.

*Commonwealth v. Reed*, 971 A.2d 1216, 1221 (Pa. 2005) (citing *Commonwealth v. Pierce*, 527 A.2d 973, 975 (Pa. 1987)). Trial counsel is presumed to be effective, and a PCRA petitioner bears the burden of pleading and proving each of the three factors by a preponderance of the evidence. *Commonwealth v. Rathfon*, 899 A.2d 365, 369 (Pa. Super. 2006); *see Commonwealth v. Meadows*, 787 A.2d 312, 319-20 (Pa. 2001).

In his brief, McElroy does not provide separate discussion or analysis of each of the three prongs of the *Pierce* test. Instead, he offers nothing more than conclusory statements to support his claim that trial counsel's representation did "not fall within the range of competence demanded of attorneys in criminal cases." Brief for McElroy at 15-16.

At McElroy's PCRA hearing, trial counsel testified that, although the plea bargain that he negotiated required McElroy to plead guilty to three charges, he was able to get the district attorney to stipulate that that contraband and PWID convictions merged for the purposes of sentencing. Counsel explained to McElroy that he could receive a substantially longer sentence if he proceeded to trial and was convicted, because the trial court might impose separate sentences for contraband and PWID. Trial counsel also explained that the Commonwealth's evidence against McElroy was strong, and that McElroy's chances of prevailing at trial were slim. These factors belie McElroy's contention that trial counsel had no reasonable basis for allowing his client to plead guilty without first negotiating a specific

sentence with the district attorney. McElroy's failure to prove by a preponderance of the evidence this factor of the **Pierce** test is fatal to his claim.[4] **See Rathfon**, 899 A.2d at 369 (holding that a PCRA petitioner bears the burden of pleading and proving each of the three **Pierce** factors by a preponderance of the evidence).

In his final issue, McElroy argues that trial counsel was ineffective for failing to file a direct appeal. It is well-settled that ignoring a request to file a direct appeal generally is considered *per se* ineffectiveness notwithstanding the potential merit of any underlying appellate issues. **Commonwealth v. Lantzy**, 736 A.2d 564, 572 (Pa. 1999).

> Although counsel may be ineffective for failing to file a direct appeal on his client's behalf, a PCRA petitioner must prove that he asked counsel to file an appeal in order to be entitled to relief. The petitioner has the burden of proving that he requested a direct appeal and that his counsel heard but ignored or rejected the request.

**Commonwealth v. Maynard**, 900 A.2d 395, 397-98 (Pa. Super. 2006).

Here, McElroy failed to establish that he asked counsel to file a direct appeal. At his PCRA hearing, McElroy testified only that he called trial

---

[4]    In his brief, McElroy also suggests that trial counsel was ineffective for "allowing an obviously defective colloquy to be submitted to the [trial c]ourt." Brief for McElroy at 16. McElroy failed to raise this issue in his concise statement of errors complained of on appeal. Therefore, it is waived. **See Commonwealth v. Castillo**, 888 A.2d 775, 780 (Pa. 2005) ("Any issues not raised in a Pa.R.A.P. 1925(b) statement will be deemed waived.").

counsel from prison and "asked him what I could appeal, you know, what were my appeal rights." Notes of Testimony, 10/24/2014, at 8. This testimony falls short of demonstrating that McElroy actually asked counsel **to file** an appeal. In any event, trial counsel denied receiving such a phone call, **see** Notes of Testimony, 9/5/2014, at 4-5, and the trial court evidently found that denial to be credible. **See** Trial Court Opinion, 4/29/2015, at 33. "[W]e are bound by the credibility determinations of the PCRA court, where such findings have support in the record." **Commonwealth v. Clark**, 961 A.2d 80, 87 (Pa. 2008). Thus, McElroy's final claim also lacks merit.

Order affirmed.

Judgment Entered.

_____

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/16/2015