J-S36009-20

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| CHARLES W. STEELE | : | |
| | : | |
| Appellant | : | No. 6 WDA 2020 |

Appeal from the Judgment of Sentence Entered December 2, 2019
In the Court of Common Pleas of Elk County Criminal Division at No(s):
CP-24-CR-0000139-2016

BEFORE:   OLSON, J., KING, J., and PELLEGRINI, J.[*]

MEMORANDUM BY OLSON, J.:                          FILED AUGUST 21, 2020

Appellant, Charles W. Steele, appeals from the judgment of sentence entered on December 2, 2019, following his jury trial convictions, of five counts each, of involuntary deviate sexual intercourse (IDSI) with a child less than 13 years of age, aggravated indecent assault, aggravated indecent assault of a child less than 13 years of age, indecent assault of a child less than 13 years of age, and corruption of minors.[1]  We affirm.

We briefly summarize the relevant facts and procedural history of this case as follows.  On October 14, 2005, E.S.,[2] an eight-year-old female, received a medical examination after exhibiting sexualized behavior and

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1]  18 Pa.C.S.A. §§ 3123(b), 3125(a)(1), 3125(a)(7), 3126(a)(7), and 6301(a)(1)(i), respectively.

[2]  To protect her identity, we use the minor victim's initials.

expressing concerns to her mother that she was pregnant. N.T., 8/1/2019, at 81-86. Prior to the examination, E.S. told her mother that Appellant, a family friend who E.S. called "Ward," was perpetrating sexual abuse. Id. at 47. Anne Marie Breindel, a physician assistant, conducted the medical exam and determined that the child's hymen was broken, showing evidence of trauma to the vaginal area. Id. at 88-89.

The Commonwealth charged Appellant with, inter alia, the above-mentioned crimes. Following trial in August 2018, the jury deadlocked and the trial court declared a mistrial. Prior to retrial, Appellant waived counsel on May 31, 2019. The trial court granted Appellant's request to represent himself pro se at trial, but appointed standby counsel.

A two-day jury trial commenced on August 1, 2019. The Commonwealth presented, inter alia, the testimony of E.S., her mother, and Ms. Breindel. All three witnesses testified that E.S. identified Appellant as the perpetrator of sexual abuse. Appellant represented himself pro se and cross-examined the Commonwealth's witnesses, but he did not testify.

Relevant to this appeal, the Commonwealth asked Ms. Breindel whether E.S. gave "an indication of what was going on with her and who did this to her[.]" Id. at 91. Appellant objected. Id. When the trial court asked for the grounds of the objection, Appellant argued, "In the way of the medical aspect that it is hearsay." Id. The trial court overruled the objection, stating that Ms. Breindel was "permitted to formulate an opinion based upon her observations." Id. at 91-92. Ms. Breindel then testified that during the exam,

she "inquired whether or not anyone had ever touched [E.S.] in a way that made [E.S.] feel uncomfortable, and [E.S.] said yes." Id. at 92. When Ms. Breindel asked E.S. who touched her in such a manner, E.S. specifically identified "Ward" and said he engaged in sexual misconduct with her multiple times. Id. at 92-93.

At the conclusion of trial, the jury convicted Appellant of the aforementioned offenses. On December 2, 2019, the trial court sentenced Appellant to an aggregate term of 20 to 40 years of imprisonment. On December 3, 2019, Appellant requested the appointment of counsel. The trial court appointed standby counsel from trial to represent Appellant on appeal. This timely appeal resulted.[3]

On appeal, Appellant presents the following issue for our review:

Whether the [t]rial [c]ourt [violated the evidentiary rules against admitting hearsay] in permitting Anne Marie Breindel, a physician's assistant, to testify that during a medical exam [E.S. stated that Appellant] had "touched [E.S.] in a way that made [E.S.] feel uncomfortable"[?]

Appellant's Brief at 8.

Appellant claims that the trial court abused its discretion in permitting Ms. Breindel to testify that E.S. identified him as the perpetrator of sexual abuse during a medical exam. Appellant's Brief at 19-23. More specifically,

_____

[3] Appointed counsel filed a timely notice of appeal on December 31, 2019. On January 3, 2020, the trial court directed Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Appellant complied timely on January 23, 2020. On March 5, 2020, the trial court filed an opinion pursuant to Pa.R.A.P. 1925(a).

Appellant claims that the statement did not qualify as an exception to hearsay for medical diagnosis or treatment pursuant to Pa.R.E. 803(4). Id. at 19-20. Citing our Supreme Court's decision in Commonwealth v. Smith, 681 A.2d 1288 (Pa. 1996), Appellant contends that "[t]he identi[t]y of a perpetrator is not pertinent to medical treatment or diagnosis." Id. at 20. As such, Appellant contends that the erroneous admission of hearsay evidence entitled him to a new trial. Id. at 23.

As our Supreme Court held in Smith:

The admission of evidence is committed to the sound discretion of the trial court. [...] Discretion is abused when the course pursued by the trial court represents not merely an error of judgment, but where the judgment is manifestly unreasonable or where the law is not applied or where the record shows that the action is a result of partiality, prejudice, bias or ill will.

*          *          *

[H]earsay is generally not admissible. This is so because a hearsay statement lacks guarantees of trustworthiness fundamental to the Anglo–American system of jurisprudence. Perhaps such a statement's most telling deficiency is it cannot be tested by cross-examination. [...] Nor is the declarant under oath when the out of court statement is uttered. [Our Supreme C]ourt has long recognized the oath requirement as a further assurance of reliability [and] that to insure a party the guarantees of trustworthiness resulting from a declarant's presence in court, a proponent of hearsay evidence must point to a reliable hearsay exception before such testimony will be admitted. Thus, the burden of production is on the proponent of the hearsay statement to convince the court of its admissibility under one of the exceptions.

Id. at 1290 (Pa. 1996) (internal citations, quotations, and original brackets omitted).

Pennsylvania Rule of Evidence 803(4) provides an exception to hearsay for statements made for medical diagnosis or treatment. See Pa.R.E. 803(4). The Rule permits a statement that:

> (A) is made for — and is reasonably pertinent to — medical treatment or diagnosis in contemplation of treatment; and
>
> (B) describes medical history, past or present symptoms, pain, or sensations, or the inception or general character of the cause or external source thereof, insofar as reasonably pertinent to treatment, or diagnosis in contemplation of treatment.

Id.

> The Smith Court opined:
>
> The medical treatment exception to the hearsay rule provides that testimony repeating out-of-court statements which were made for the purposes of receiving medical treatment are admissible as substantive evidence. [...] The law in Pennsylvania has been that statements to a doctor were admissible insofar as they were necessary and proper for diagnosis and treatment of the injury and referred to symptoms, feelings and conditions.

Smith, 681 A.2d at 1290.

In Smith, a child scalded by hot water presented at the hospital with burn injuries. When asked by a nurse how the injuries occurred, the child replied that her father had turned on the hot water and put her into the bathtub. The Smith Court determined that "the child's identification of her abuser [wa]s not pertinent to her medical treatment or diagnosis[.]" Id. at 1292. More specifically, our Supreme Court questioned, "What difference would it have made to the treatment of the burns whether a total stranger inflicted the burns or a close family relative?" Id. The Smith Court also

rejected the Commonwealth's argument that the "identity of the perpetrator of abuse [wa]s of significance for psychological and emotional treatment of the victim as well as for the protection of the child from future abuse." Id. Ultimately, the Smith Court concluded that, "the trial court abused its discretion in admitting the nurse's testimony which repeated the child's statement as to the identity of the alleged abuser pursuant to the medical treatment exception to the hearsay rule." Id. at 1293.

In this case, we note initially that the trial court determined Appellant failed to raise a timely and proper objection to Ms. Breindel's testimony:

> No contemporaneous objection was made to [Ms. Breindel's] testimony that E.S. had disclosed who had touched E.S. and made her uncomfortable and the precursory objection to the medical aspects of Ms. Breindel's testimony is entirely deficient as a basis of interpretation that what [Appellant] was really objecting to was the disclosure of him as perpetrator. Nothing in his objection can be taken to mean that Ms. Breindel's testimony as to what E.S. told her in terms of identifying [Appellant] was a hearsay objection outside the ambit of the medical treatment exception. Nothing in [Appellant's] objection connotes an on-going objection nor did he ever indicate his intent to revive, renew, or resurrect his objection, which therefore was specifically limited and an altogether ineffective mechanism on which to now assert error.

Trial Court Opinion, 3/5/2020, at 5.

We disagree. As set forth above, when the Commonwealth asked Ms. Breindel whether E.S. gave "an indication of what was going on and who did this to her[,]" Appellant immediately objected on the grounds of hearsay. It was then incumbent on the Commonwealth, as the proponent of the hearsay evidence, to point to a reliable hearsay exception before the trial court allowed

such testimony. See Smith, 681 A.2d at 1290 (the burden of production is on the proponent of the statement challenged as hearsay to convince the court of its admissibility under one of the exceptions). Here, the Commonwealth did not argue that the statement qualified as an exception to hearsay. Moreover, as Smith makes clear, a statement regarding the perpetrator of abuse is irrelevant for medical diagnosis and treatment and, therefore, does not qualify as an exception to hearsay under Pa.R.E. 803(4). For all of the foregoing reasons, we conclude that the trial court erred by permitting Ms. Breindel to testify that E.S. identified Appellant when asked, during a medical examination, if anyone had ever touched her in a way that made her feel uncomfortable. Such evidence was clearly hearsay, not subject to exception.

However, our Supreme Court has determined that an erroneous evidentiary ruling may constitute harmless error

> if the record demonstrates either: (1) the error did not prejudice the defendant or the prejudice was de minimis; or (2) the erroneously admitted evidence was merely cumulative of other untainted evidence which was substantially similar to the erroneously admitted evidence; or (3) the properly admitted and uncontradicted evidence of guilt was so overwhelming and the prejudicial effect of the error was so insignificant by comparison that the error could not have contributed to the verdict.

Commonwealth v. Hairston, 84 A.3d 657, 671–672 (Pa. 2014), cert. denied, 135 S.Ct. 164 (2014).

In the alternative to finding that Appellant failed to lodge a timely and specific objection to Ms. Breindel's testimony, the trial court also noted that E.S. testified at length at trial. Trial Court Opinion, 3/5/2020, at 3. The trial

court opined that "the admission of [] Ms. Breindel's testimony regarding the identification of [Appellant] was uncontradicted and the overwhelming evidence [], including the testimony of E.S., would remove any taint of error." Id. at 5.

Upon review of the record, we conclude that the trial court's admission of E.S.'s statement to Ms. Breindel was harmless error. Initially, we note that Appellant did not object to the admission of the original office visit notes from the October 14, 2005 medical exam. N.T., 8/1/2019, at 85. Those notes were admitted into evidence, without objection, as Commonwealth Exhibit 2. Id. Ms. Breindel used those notes while testifying to refresh her recollection. Id. at 91-92. Upon review, the medical notes state that E.S. was asked if anyone touched her in a way that made her uncomfortable and E.S. named Appellant. Accordingly, Ms. Breindel's oral testimony was merely cumulative of documentary evidence admitted as notes from the October 14, 2005 medical exam.

Furthermore, there was additional overwhelming evidence from E.S. and her mother presented at trial. Mother testified that E.S. began engaging in sexual behavior, including rubbing her genitals with a back massager. N.T., 8/1/2019, at 43. Mother testified that when she asked E.S. who showed her such behavior, E.S. identified Appellant. Id. at 43-44. Appellant did not object to this testimony. Mother also testified that when E.S. thought she was pregnant, E.S. identified Appellant as the perpetrator. Id. at 47. Again, Appellant did not object to this testimony. Moreover, E.S. testified at trial as

follows. First, she identified Appellant as her abuser in open court. N.T., 8/2/2019, at 5. She testified that Appellant digitally penetrated her vagina or used a vibrator on her genitals "hundreds" of times over the course of approximately one year.[4] Id. at 11-16. E.S. told her mother she "was afraid [she] was pregnant because [Appellant] had been touching her in [her] private area." Id. at 8. E.S. went to the scheduled medical examination because she believed she was pregnant. Id. Although E.S. did not testify specifically about her conversation with Ms. Breindel, she testified that she did not share the details of the abuse until her medical examination on October 14, 2005. Id. at 27.

Based upon all of this evidence, the record shows that Appellant's claimed error is de minimis, the erroneously admitted evidence was merely cumulative of other untainted evidence which was substantially similar to the erroneously admitted evidence, and the properly admitted and uncontradicted evidence of guilt was so overwhelming that the error could not have contributed to the verdict. Accordingly, Appellant is not entitled to relief. See Commonwealth v. Reese, 31 A.3d 708, 727 (Pa. Super. 2011) (en banc) (stating appellate court may affirm order of trial court on any basis if ultimate decision is correct).

Judgment of sentence affirmed.

_____

[4] "In the case of sexual offenses, the testimony of the victim alone is sufficient to convict, and medical evidence is not required if the fact finder believes the victim." Commonwealth v. Jette, 818 A.2d 533, 534 (Pa. Super. 2003) (citation omitted).

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date:  8/21/2020