J-S16004-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| I.S. | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| B.H. | : | No. 1454 EDA 2020 |

Appeal from the Order Entered July 16, 2020
In the Court of Common Pleas of Delaware County Civil Division at
No(s):  No. 2019-85017

BEFORE:   BENDER, P.J.E., McLAUGHLIN, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY BENDER, P.J.E.:                **FILED JULY 27, 2021**

Appellant, I.S. ("Mother"), appeals from the trial court's July 16, 2020 order, which dismissed her petition filed on behalf of her minor daughter, H.S., against Appellee, B.H., pursuant to the Protection of Victims of Sexual Violence or Intimidation Act ("PVSVIA"), 42 Pa.C.S. §§ 62A01–62A20.[1]  We affirm.

The trial court summarized the background of this matter as follows:

> On October 11, 2019, [Mother] filed a [PVSVIA petition] against Appellee on behalf of herself and her four (4) children alleging that sexual conduct had taken place between Appellee and one minor

---

[*] Former Justice specially assigned to the Superior Court.

[1] The record — including the trial court opinion — contains the full names of Mother, Appellee, and even H.S. at times.  To protect their privacy, we have changed their names to initials in the caption and throughout our memorandum.  **See** Superior Court I.O.P. 424A (pertaining to confidentiality issues).

child, H.S. (DOB: 12/18/2011), on [*sic*] or about March 2017.[2] On October 11, 2019, a hearing was held before the Honorable Ann Osborne, and [Mother's] request for a temporary protection order was granted. The temporary protection order prohibited … Appellee from having any contact with [Mother] or her four (4) children until further order of court and scheduled the matter for a full hearing on October 17, 2019. On October 17, 2019, a continuance was requested by Appellee's counsel, and the matter was continued to October 24, 2019.

On October 18, 2019, [Mother] filed an Interpreter Request Notice–Civil/Family, for a Japanese interpreter, which was granted by the Honorable Dominic F. Pileggi, for the October 24, 2019 hearing, which was subsequently continued. On October 21, 2019, [Mother] filed an Interpreter Request Notice-Civil[/]Family, for a Japanese interpreter, which was granted by … [Judge] Pileggi, for the November 14, 2019 hearing.

On November 14, 2019, after a hearing before the Honorable Linda A. Cartisano, the court ordered the terms and conditions of the temporary order dated October 11, 2019[,] to remain in full force and effect[,] but [the court] … amended [the order] to only protect the subject minor child, [H.S.], and ordered that … Appellee could participate in his school extracurricular activities after notice to [Mother,] so that her minor child would not attend those activities. The [c]ourt continued the temporary order pending further investigation of juvenile proceedings [involving Appellee].

On February 19, 2020, the Honorable Nusrat J. Rashid ordered the court to provide a Japanese interpreter for [Mother] for the hearing on March 26, 2020, which was subsequently continued to May 21, 2020, as a result of the COVID-19 closures. On March 30, 2020, … [Judge] Rashid ordered the court to provide a Japanese interpreter for the hearing on May 21, 2020. On May 7, 2020, … [Judge] Rashid continued the matter to July 16, 2020.

On May 20, 2020, [Mother] filed an Interpreter Request-Civil/Family, for a Japanese interpreter, which was granted by the

_____

2 We glean from the record that Appellee, a minor, had lived next door to Mother and her children in March 2017, but has since moved. ***See*** N.T., 10/11/19, at 5. Mother and her children have since moved as well. ***See*** Trial Court Opinion ("TCO"), 10/22/20, at 12.

Honorable William C. Mackrides for the hearing scheduled for July 16, 2020.

On July 16, 2020, after a full hearing was held before … [Judge] Rashid, the court dismissed the [PVSVIA] petition and vacated the temporary order dated October 11, 2019.

On July 23, 2020, [Mother] filed [a] motion for reconsideration of [the PVSVIA] order, requesting the [c]ourt to reconsider its order of July 16, 2020, dismissing [her] petition for protection from sexual violence and intimidation.

On July 29, 2020, [Mother] filed a notice of appeal to the Superior Court from the order entered July 16, 2020.

On August 7, 2020, an order was entered by … [Judge] Rashid denying [Mother's] motion for reconsideration.

On August 1[2], 2020, an order was entered by … [Judge] Rashid requiring [Mother to file a Pa.R.A.P.] 1925(b) statement.

On [September 2], 2020, [Mother timely] filed her statement of issues complained of on appeal….[3]

TCO at 1-3 (some capitalization omitted).

Mother raises the following issues for our review:

1. Did the [t]rial [c]ourt err and abuse its discretion by sustaining a hearsay objection to the report of a [l]icensed [t]herapist who evaluated and treated the minor child?

2. Should the report … have been admitted pursuant to the hearsay exception for statements necessary for medical treatment as it contained statements of the minor child related to her treatment…?

Mother's Brief at 4.

_____

[3] Mother acted *pro se* during most of the proceedings below, including at the July 16, 2020 hearing. Our review of the docket shows that counsel did not enter an appearance on behalf of Mother until September 2020, when Mother filed her Rule 1925(b) concise statement. Mother continues to be represented by counsel on appeal.

Initially, we note that Mother raises two issues in her statement of the questions involved. However, she does not divide the argument section of her brief into two corresponding parts; instead, she presents a single argument section. We admonish Mother for her lack of compliance with Pa.R.A.P. 2119(a). *See* Pa.R.A.P. 2119(a) ("The argument shall be divided into as many parts as there are questions to be argued; and shall have at the head of each part—in distinctive type or in type distinctively displayed—the particular point treated therein, followed by such discussion and citation of authorities as are deemed pertinent."); ***Donaldson v. Davidson Bros., Inc.***, 144 A.3d 93, 99 n.9 (Pa. Super. 2016) (determining that the appellant failed to comply with Rule 2119(a) where the appellant's brief did not "present and develop eight arguments in support of the eight questions raised"). Nevertheless, Mother's violation of Rule 2119(a) does not preclude our review, and we will address the claim that she advances in her argument section.

Mother complains on appeal that she "was precluded from establishing risk of harm and carrying her burden of proof due to the exclusion of statements contained in a report that were made by the minor child to a counselor for the purposes of treatment in the form of a [post-traumatic stress disorder ("PTSD")] scale." Mother's Brief at 11. Mother describes the at-issue evidence as,

> the [r]eport of A. Rand Coleman, Ph[.]D[.] (a licensed psychologist)[,] authored on October 15, 2019, contain[ing] statements made by H.S. when completing a young child PTSD scale. The statements revealed: (i) ongoing nightmares; (ii) feeling emotionally upset; (iii) efforts to avoid thinking of or being

- 4 -

reminded of the assault situation; [and] (iv) avoiding people or places associated with the event.

***Id.*** at 13-14 (emphasis and citation omitted). While the trial court precluded the report on the basis that it constituted hearsay, Mother insists that it falls within an exception to the hearsay rule and should have been admitted. ***See id.*** at 12, 14.[4] Specifically, she points to Pa.R.E. 803(4), which provides that:

The following are not excluded by the rule against hearsay, regardless of whether the declarant is available as a witness:

**(4) Statement Made for Medical Diagnosis or Treatment.** A statement that:

(A) is made for--and is reasonably pertinent to--medical treatment or diagnosis in contemplation of treatment; and

(B) describes medical history, past or present symptoms, pain, or sensations, or the inception or general character of the cause or external source thereof, insofar as reasonably pertinent to treatment, or diagnosis in contemplation of treatment.

Pa.R.E. 803(4). Mother says it is "clear that H.S. made statements to her counselor … for the purpose of receiving medical treatment. Secondly[,] the statement was necessary and proper for diagnosis of her PTSD and treatment and recommended treatment plan." Mother's Brief at 14. By not admitting the counselor's report containing the statements of H.S., Mother maintains that she suffered prejudice as "[t]hose statements would have established a continued risk of harm from [Appellee]…." ***Id.*** at 16.

---

[4] Our Rules of Evidence define hearsay as "a statement that (1) the declarant does not make while testifying at the current trial or hearing; and (2) a party offers in evidence to prove the truth of the matter asserted in the statement." Pa.R.E. 801(c).

We deem this claim waived on multiple grounds. First, Mother does not explain how she preserved this issue below in contravention of our Rules of Appellate Procedure. *See* Pa.R.A.P. 2117(c) (requiring, where an issue is not reviewable on appeal unless raised or preserved below, a statement of place of raising or preservation of issues); Pa.R.A.P. 2119(e) ("Where under the applicable law an issue is not reviewable on appeal unless raised or preserved below, the argument must set forth, in immediate connection therewith or in a footnote thereto, either a specific cross-reference to the page or pages of the statement of the case which set forth the information relating thereto as required by Pa.R.A.P. 2117(c), or substantially the same information"); ***Boykin v. Brown***, 868 A.2d 1264, 1267-68 (Pa. Super. 2005) (deeming an issue waived where the appellant did not raise her hearsay-exception theory at the hearing to support her proffer of testimony) (citations omitted); ***see also Commonwealth v. Smith***, 681 A.2d 1288, 1290 (Pa. 1996) ("[T]he burden of production is on the proponent of the hearsay statement to convince the court of its admissibility under one of the exceptions.") (citation omitted). Mother does not point us to where in the record she tried to introduce the counselor's report, raised the Rule 803(4) hearsay exception, or otherwise preserved this issue below. "Our appellate courts have long held that an [appellant] who does not follow Pa.R.A.P. 2117(c) and Pa.R.A.P. 2119(e) waives the related issues due to the defects in his brief." ***Young v. S.B. Conrad, Inc.***, 216 A.3d 267, 274 (Pa. Super. 2019). "[I]t is not the responsibility of this Court to scour the record to prove that an appellant has

raised an issue before the trial court, thereby preserving it for appellate review." ***Commonwealth v. Baker***, 963 A.2d 495, 502 n.6 (Pa. Super. 2008) (citations omitted). Thus, Mother's argument is waived on this basis.

Second, we deem this issue waived because, after undertaking our own review of the record, it is evident that Mother did not preserve this argument at the hearing. The transcript reveals that the following occurred there, in relevant part:

> [Mother]: If I may, before doing that[,] if I may tell you something. I've got something I'd like you to hear. One of which is that I have a report from the counselor, and according to that --
>
> [Appellee's attorney]: Objection, Your Honor. It would appear that [Mother] here is trying to present evidence that has not been verified and is not someone testified to [*sic*]. I would ask that she not be allowed to put in the report of a counselor that we don't have the ability to question.
>
> [The court]: Hearsay objection?
>
> [Appellee's attorney]: I'm sorry, yes[,] definitely hearsay. I don't know if they are offering it as an expert report. I have no idea what they are offering it for.
>
> [The court]: [Mother], are you attempting to introduce a written document authored by someone who is not in this room?
>
> [Mother]: Yes.
>
> [The court]: Do you intend to call that person live today to testify as a witness?
>
> [Mother]: No, that person will not be able to be here … for his spiel.
>
> [The court]: Objection sustained. You can continue.
>
> [Mother]: Secondly, my daughter is going to be a third[-]grader this fall….

N.T. Hearing, 7/16/20, at 16-17.  The transcript demonstrates that Mother did not proffer a theory at the hearing for why the counselor's report should be admitted pursuant to a hearsay exception.  Accordingly, her claim is also waived on this basis.  ***See Boykin***, 868 A.2d at 1267-68.  No relief is due.

Order affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 7/27/2021