J-S41042-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :    IN THE SUPERIOR COURT OF
                                                     :            PENNSYLVANIA
                                                     :
              v.                              :
                                                     :
                                                     :
MARGO L. ROYER                           :
                                                     :
              Appellant                 :           No. 5 WDA 2023

Appeal from the Judgment of Sentence Entered August 29, 2022
In the Court of Common Pleas of Clearfield County Criminal Division at
No(s): CP-17-CR-0000595-2021

BEFORE:    PANELLA, P.J., OLSON, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.:          **FILED: December 18, 2023**

Appellant Margo L. Royer appeals the judgment of sentence entered by the Court of Common Pleas of Clearfield County after a jury convicted Appellant of harassment. Appellant argues that the trial court abused its discretion in denying her challenge to the weight of the evidence and her motion for a new trial. After careful review, we affirm.

We summarize the following factual background from evidence presented at Appellant's jury trial. On April 27, 2021, Officer Lance Thompson of the DuBois City Police Department responded to the Penn Highlands Hospital in Dubois ("the Hospital") to investigate a report that a patient became argumentative with staff and refused to leave the Hospital. Notes of Testimony (N.T.), 6/21/22, at 64. Officer Thompson found Appellant sitting in

_____

[*] Former Justice specially assigned to the Superior Court.

the lobby even though she had already been medically cleared and discharged. *Id.* Appellant told Officer Thompson she could not leave as she was paralyzed and under the influence of Dilaudid. *Id.* at 64-65.

However, Officer Thompson noticed that Appellant was able to move her legs and body. *Id.* at 65. In addition, Officer Thompson observed that Appellant did not exhibit any signs of being under the influence of a controlled substance, citing his qualifications as a drug recognition expert. *Id.* After Officer Thompson advised Appellant that she needed to leave and Hospital staff asked that Appellant be arrested, Appellant stood up on her own and walked out, escorted by Officer Thompson. *Id.* at 65-66.

Two days later, on April 29, 2021, Corporal Matthew Robertson of the DuBois City Police Department received numerous reports from the Hospital that Appellant was repeatedly calling and making threats despite being told by staff members not to call the Hospital. *Id.* at 28.

Clay Kennemuth, an emergency room nurse supervisor, reported that he started receiving calls from Appellant at the start of his 7:00 a.m. shift. *Id.* at 29, 73-74. He indicated that Appellant was asking for the names of the medical personnel that treated her two days earlier. *Id.* at 74. While Mr. Kennemuth answered Appellant's questions to the best of his ability and referred her to the Hospital's risk management department, Appellant made multiple calls to the emergency room and told Mr. Kennemuth that he and the Hospital would be sorry. *Id.* at 74-75.

As Mr. Kennemuth took this statement as a threat based on the tone of Appellant's voice, he called the police. *Id.* at 75-76. Mr. Kennemuth became frustrated with Appellant's repeated calls as he was prevented from providing other patients timely care in the emergency room. *Id.* at 86. As the Hospital was short-staffed at that time, Mr. Kennemuth was tasked with both supervisory duties and caring for patients at that time. *Id.*

Zachary Dodson, a security officer at Penn Highlands, called the Dubois City Police Department back to the Hospital later that day at 1:30 p.m. reporting that Appellant had continued to contact various departments of the Hospital throughout the day and was making threats to Hospital staff. *Id.* at 32-33, 90. Due to Appellant's repeated calls, Mr. Dodson perceived a security threat and began to restrict access to administrative areas to employees only. *Id.* at 33, 90.

Mr. Dodson called the police again at 3:07 p.m. to report that Appellant told him she was on the Hospital premises and indicated that he would have to come look for her in order to locate her. *Id.* at 33, 91-93. Thereafter, Corporal Matthew Robertson discovered Appellant sitting in her vehicle on Hospital grounds. *Id.* at 34.

Appellant was charged with harassment, disorderly conduct, and defiant trespass. After a preliminary hearing, the Commonwealth withdrew the trespass charge and Appellant proceeded to a jury trial on the harassment and disorderly conduct charges.

At trial, the prosecution called Corporal Robertson, Officer Thompson, Mr. Kennemuth, and Mr. Dodson to testify to their account of the incidents that occurred on April 27 and 29, 2021. In addition, the Commonwealth presented the testimony of Melvin Henry, the Hospital's communications manager, who had prepared a call log from April 29, 2021, which showed that Appellant placed thirty-four calls to the Hospital on that date. *Id.* at 56, 57; Commonwealth's Exhibit 1. Further, a final witness, David Heffner, the Hospital's maintenance and security supervisor, testified that he was aware that Appellant had notified the Hospital that she was going to come to the medical records department on April 29, 2021. N.T. at 104-106.

Appellant testified on her own behalf, indicating that she had been treated at the Hospital on April 27, 2021 for a pinched nerve that caused back pain. *Id*. at 115-16. Appellant was unsatisfied with her treatment as she believed she still needed additional help despite being at the Hospital for approximately twelve hours. *Id*. at 116-18. Appellant claimed she was delayed in leaving the Hospital on that date after being discharged as she did not have any way to get home. *Id*. at 120.

Thereafter, Appellant explained that she began calling the Hospital on April 29, 2021 to obtain her discharge paperwork and confirm that her insurance was correctly billed for her April 27, 2021 care. *Id*. at 121, 127. Appellant claimed that she did not intend to call Mr. Kennemuth repeatedly but the Hospital kept transferring her calls to his department. *Id*. at 127.

Appellant admitted that she called the Hospital thirty-four times that day as her calls would not "go through." *Id*. at 138-39.

On June 21, 2022, the jury convicted Appellant of harassment but acquitted her of disorderly conduct. On August 29, 2022, the trial court sentenced Appellant to one year probation.

On September 8, 2022, Appellant filed a timely post-sentence motion which included, *inter alia*, a challenge to the weight of the evidence and a motion for leave to amend the post-sentence motion. On November 14, 2022, the trial court denied Appellant's request for a new trial but granted Appellant leave to amend his motion. On November 14, 2022, Appellant filed a supplemental post-sentence motion, again requesting a new trial. On November 28, 2022, the trial court denied Appellant's request for a new trial.

On December 27, 2022, Appellant filed a timely appeal. Thereafter, Appellant complied with the trial court's direction to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b).

Appellant raises the following issues for our review on appeal:

I.     Whether the lower court abused its discretion in denying Appellant's weight of the evidence claim?

II.    Whether the lower court erred in permitting questions and testimony relating to a charge that had been withdrawn prior to trial, especially after having sustained an objection to the same.

Appellant's Brief, at 6.

Appellant first argues that the trial court abused its discretion in refusing to award her a new trial based on her weight of the evidence claim. Our

standard of review for challenges to the weight of the evidence is well-established:

> The essence of appellate review for a weight claim appears to lie in ensuring that the trial court's decision has record support. Where the record adequately supports the trial court, the trial court has acted within the limits of its discretion.
>
> A motion for a new trial based on a claim that the verdict is against the weight of the evidence is addressed to the discretion of the trial court. A new trial should not be granted because of a mere conflict in the testimony or because the judge on the same facts would have arrived at a different conclusion. Rather, the role of the trial judge is to determine that notwithstanding all the facts, certain facts are so clearly of greater weight that to ignore them or to give them equal weight with all the facts is to deny justice.
>
> An appellate court's standard of review when presented with a weight of the evidence claim is distinct from the standard of review applied by the trial court. Appellate review of a weight claim is a review of the exercise of discretion, not of the underlying question of whether the verdict is against the weight of the evidence.

***Commonwealth v. Windslowe***, 158 A.3d 698, 712 (Pa.Super. 2017) (citations omitted).

Specifically, Appellant claims she was merely seeking redress for improper and inadequate care that she received at the Hospital on April 27, 2021. Appellant asserts that she had no intent to annoy or harass the Hospital staff, but was simply attempting to obtain her medical records and information about her follow-up care. Appellant avers that she would not have continued to call the Hospital had she been given the information she requested.

In denying Appellant's claim, the trial court found that "it does not shock one's conscience that the jury found the six Commonwealth witnesses to be more credible than [Appellant]." Trial Court Opinion (T.C.O.), 2/10/23, at 6.

The trial court also recognized that while Appellant claimed that she did not have the intent to annoy or harass Hospital staff, "[a]n intent to harass may be inferred from the totality of the circumstances." *Id*. (citing *Commonwealth v. Cox*, 72 A.3d 719, 721 (Pa.Super. 2013)).

Our review of the record supports the trial court's decision to deny Appellant's challenge to the weight of the evidence. Appellant called the hospital thirty-four times within a single working day and made threatening statements to Hospital staff. Multiple Hospital staff members testified as to how Appellant's actions disrupted the operation of several Hospital departments to respond to Appellant's calls and to ensure the safety of staff and patients.

While Appellant asks this Court to reweigh the evidence and accept her version of the events in question, we may not substitute our judgment for that of the jury. It is well-established that "[t]he weight of the evidence is exclusively for the finder of fact, who is free to believe all, none[,] or some of the evidence and to determine the credibility of the witnesses." *Commonwealth v. Spence*, 290 A.3d 301, 311 (Pa.Super. 2023) (quoting *Commonwealth v. Talbert*, 129 A.3d 536, 545 (Pa.Super. 2015)). As a result, we conclude that the trial court did not abuse its discretion in denying Appellant's challenge to the weight of the evidence.

Second, Appellant argues that the trial court erred in allowing the prosecution to offer questions and elicit testimony relating to the trespass charge that had been withdrawn before trial.

Our standard of review with respect to evidentiary rulings is as follows:

"Questions concerning the admissibility of evidence are within the sound discretion of the trial court, and this Court will not reverse the trial court's decision absent an abuse of that discretion." *Commonwealth v. Laich*, 566 Pa. 19, 777 A.2d 1057, 1060 (2001); *see also Commonwealth v. Smith*, 545 Pa. 487, 681 A.2d 1288, 1290 (1996) (explaining that "[d]iscretion is abused when the course pursued [by the trial court] represents not merely an error of judgement, but where the judgement is manifestly unreasonable or where the law is not applied or where the record shows that the action is a result of partiality, prejudice, bias or ill will" (internal citation omitted)).

*Commonwealth v. Wallace*, 289 A.3d 894, 900 (Pa. 2023).

With respect to Appellant's claim that the trial court improperly allowed testimony concerning the withdrawn trespass charge, the trial court correctly noted that it was defense counsel who first introduced this evidence, not the Commonwealth, as seen in the following exchange.

[Defense counsel:] You arrested [Appellant] for trespass. Then you added these charges: Harassment and Disorderly Conduct.

[Corporal Robertson:] I filed it at the same time on the same criminal complaint.

[Defense counsel:] And you brought those charges to the district attorney, but he wouldn't even prosecute that trespass. Would he?

[Corporal Robertson:] He was willing to. Penn Highlands didn't want trespass.

[Defense counsel:] It was withdrawn.

[Prosecutor:] Objection, Your Honor.

[Trial Court:] Sustained. Move on.

[Defense counsel:] There is no trespass charge here today. Is there?

[Prosecutor:] Objection, Your Honor. Asked and answered.

- 8 -

[Trial Court:] [Appellant] is only charged with the two charges that the Court mentioned at the beginning of the trial.

N.T. at 48.

Nevertheless, after this ruling, both parties continued to reference Appellant's trespass in examining witnesses. The trial court found that evidence of Appellant's trespass was relevant evidence for the prosecution to establish the harassment charge in proving that Appellant communicated repeatedly with Hospital staff with the "intent to harass, annoy, or alarm." 18 Pa.C.S.A. § 2709. Appellant called the Mr. Dodson, the Hospital security officer, to tell him she was on the Hospital campus, refused to tell him where she was, and instead told him that he would have to come find her.

Even assuming *arguendo* that the trial court erred in allowing the admission of this testimony, any such error was harmless. "Not all errors at trial ... entitle an appellant to a new trial, and the harmless error doctrine, as adopted in Pennsylvania, reflects the reality that the accused is entitled to a fair trial, not a perfect trial." *Commonwealth v. Lehman*, 275 A.3d 513, 525 (Pa.Super. 2022). Our courts have held that error is harmless when "the properly admitted and uncontradicted evidence of guilt was so overwhelming and the prejudicial effect of the error was so insignificant by comparison that the error could not have contributed to the verdict." *Commonwealth v. Wright*, 961 A.2d 119, 143 (Pa. 2008).

We agree with the trial court's determination that as the evidence against Appellant on the harassment charge was overwhelming, any mention

of the withdrawn trespass charge had insignificant prejudicial effect such that the error did not contribute to the verdict.

For the foregoing reasons, we affirm the judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

12/18/2023